GULF, M. & N. R. R. Co. *v.* JONES *et al.*[*]

(Division B. Jan. 3, 1925.)

[102 So. 385. No. 24172.]

1. RAILROADS. *Testimony required to meet presumption of negligence from injury by running train.*.

Under section 1985, Code of 1906 (section 1645, Hemingway's Code), while proof of injury by running train is prima-facie evidence of negligence on the part of the defendant, before this presumption is met, all of the facts and circumstances surrounding the injury must be in testimony, and this testimony must negative negligence on the part of the defendant, these facts and circumstances may be proved, not only by direct testimony, but also by physical facts and circumstantial testimony.

2. RAILROADS. *Evidence of negligence causing death held insufficient to go to jury.*

In this case, the physical facts, direct and circumstantial testimony, show that the death of the deceased was not caused by any negligence on the part of the defendant railroad company.

*Headnotes 1. Railroads, 33 Cyc., p. 878 (1926 Anno.); 2. Railroads, 33 Cyc., p. 385.

APPEAL from circuit court of Jones county, Second district.

HON. R. S. HALL, Judge.

Action by Mrs. Shad Jones and another against the Gulf, Mobile & Northern Railroad Company. From a judgment for plaintiffs, defendant appeals. Reversed and judgment rendered for defendant.

*Ellis B. Cooper,* for appellant.

*Green, Green & Potter* and *Clayton D. Potter,* for appellees.

Briefs in this case not available to the reporter.

Argued orally by *Ellis B. Cooper,* for appellant, and *Chalmers Potter,* for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellees, as plaintiffs in the circuit court, brought suit against the appellant railroad company for the negligent killing of Shad Jones, husband and father respectively of the plaintiffs. The cause was submitted to the jury, which returned a verdict in favor of plaintiffs for fourteen thousand dollars, upon which verdict judgment was entered by the circuit court, and from which judgment this appeal is here prosecuted.

At the conclusion of the introduction of all of the testimony the railroad company requested and was refused a peremptory instruction. This is one of the errors assigned in this court, and is the question upon which this case must be decided. It therefore becomes necessary to set out in detail the material testimony introduced. This testimony is practically uncontroverted.

On Sunday night, January 21, 1923, about eleven o'clock, the dead body of Shad Jones was found on the track between the steel rails of the defendant railroad company at a point about equidistant from two street crossings in the city of Laurel. The body was first discovered by the engineer of a freight train, whose train had come into Laurel about twenty or thirty minutes before the body was found. The head was to the north, the face was close to the east rail with one foot drawn up under the body. The right arm had been cut off about the wrist and the hand was several feet from the body on the other side of the rail. The other arm was broken in several places and one of the legs was possibly broken. Also a part of the skull was crushed in. There were also indications of blood on the track five or six

feet north of where the body was lying.  There had been a big rain during the earlier part of the night and a pretty good shower later on.  Some of the outer clothing of the dead man was wet, but his underclothing was dry and the underside of his body was warm.  He was dressed in a brown suit of clothes.

There was testimony that deceased was brought to Laurel that afternoon between five-thirty and six o'clock, and got out of the automobile at a place not a great distance from the tracks of the defendant railroad company.  There was also testimony by a negro that he saw a white man with a brown suit of clothes board a moving car of a southbound freight train between ten and eleven o'clock that night.  Another witness testified that he was riding on a gondola car of a southbound freight train at about this time, and saw a man climb on the open car in front of him and take a seat on it.  That about this time there was a lurch or jerk in the train, and that when he looked up the man had disappeared.  This was about the place where the body of Shad Jones was found thirty or forty minutes later.  Four trains passed over this track between five-thirty p. m. and ten-thirty p. m. that evening and night.  We think it, however, only necessary to speak of the passenger train which passed there about nine-thirty or nine-forty and the freight train which passed there about ten-thirty.  The testimony showed that the two engines on both these trains were examined, and no indications were found thereon to show that they had struck any one.  There was some conflict in the testimony as to whether or not the proper statutory signals for crossings and the station were given.  This, however, is immaterial, as the deceased was not struck at a crossing.  The testimony of the engineer and fireman on the passenger train was to the effect that their headlight was burning; that they were on the lookout, and saw no one on the track; and that their engine did not strike

any one. The testimony of the engineer and fireman on the freight train was to the same effect. The testimony of the engineer of the freight train was impeached to this extent: He stated in his examination that his headlight was burning. In rebuttal a witness testified that this engineer told him his headlight was not burning at that particular time. This is impeaching testimony, and is not testimony to the fact that the headlight was not burning. The fireman, however, on this particular engine testified to the fact that the headlight was burning, and his testimony is not impeached. All of these trains were running at a lawful rate of speed that night. An order of the Railroad Commission was introduced, authorizing trains of the appellant company to run at a rate over six miles an hour in this portion of the municipality of Laurel.

It is the contention of the appellee that all of the facts relating to the injury are not shown by the testimony and that, under section 1985, Code of 1906, it devolves upon the railroad company to show these facts, and by these facts exonerate itself from any negligence. Reliance is had upon the case of *Railroad Co.* v. *Cole*, 101 Miss. 178, 57 So. 556, and authorities therein cited and discussed. In the Cole Case the court held that all of the facts were not shown by the testimony. It further quoted from the case of *Railroad Co.* v. *Hunnicutt*, 98 Miss. 272, 53 So. 617, and stated that the only new feature contained in the Hunnicutt Case is the announcement that it was not necessary to prove how the injury occurred by eyewitnesses, but that this proof may be made by circumstantial evidence.

In the Hunnicutt Case there were no eyewitnesses to testify how the deceased met his death. There was positive testimony by the engineer and fireman that he was not struck by the locomotive. Signs were found on one of the cars which indicated that Hunnicutt was run over by this car. In the Hunnicutt Case the court con-

cludes that the evidence and the physical facts there show that the injury was not inflicted by any want of ordinary care upon the part of the defendant; that the physical facts in that case corroborate the testimony of the engineer and the other witnesses so strongly that the court is driven to the conclusion that the accident was not due to the negligence of the defendant company, but to that of the deceased.

In this case the fact that the body was warm demonstrates that life had been extinct but a short time before the finding of the body. This strongly indicates that the injury was caused by the freight train which arrived about ten-thirty. The testimony of the fireman, which was not impeached, was to the effect that he was on the lookout, and did not see the man on the track. The testimony of the man riding on the freight car was to the effect that he saw a man climb on the car in front of him, and just as he sat down there was a jerk in the train, and about that time the man disappeared; that this disappearance occurred at about the place where the body of the deceased was found. This testimony was corroborated by the testimony of the other witnesses, who saw a white man who wore a brown suit of clothes board a car of this particular freight train. From all of this testimony we think it is shown with a reasonable degree of certainity that the deceased boarded this particular freight train, and just about the time he got on the car he either fell or was jerked off. The physical facts further indicate that he was not struck by the engine, because there was only evidence for five or six feet on the tracks, and his body was not mangled and bruised as it ordinarily would have been had an engine passed over it. From this direct testimony, together with the circumstantial testimony and the physical facts, we conclude that the testimony shows that Jones was not injured because of any negligence on the part of the employees of the railroad company.

The case comes squarely within the principles announced in the Hunnicutt Case, supra. The peremptory instruction for the defendant should have been given. Reversed, and judgment here for the appellant.

*Reversed.*