## COLUMBUS & G. RY. CO. *v.* NYE.*

(Division B. May 11, 1925.)

[104 Sȯ. 90.  No. 24961.]

1. RAILROADS. *Prima-facie statute held applicable to killing of animal, notwithstanding defendant's proof of care in operation of another train.*

   In a suit for value of a cow killed by a railroad locomotive, where the proof for the plaintiff shows that the cow was killed by a train traveling west, and where none of the train crew was introduced by the defendant, the *prima-facie* statute is applicable, although the defendant introduced proof that the cow was killed by an east-bound train and made proof of all the facts pertinent to the operation of the train which would exonerate the company from liability, and which, if true, would eliminate the *prima-facie* statute as to the operation of such train.

2. RAILROADS. *Refusal of instruction for defendant held error on proof of care in operation of train killing animal.*

   Where the proof for the plaintiff showed the cow was killed by a west-bound train and proof for the defendant showed that the cow was killed by an east-bound train and made proof of all the facts attending the operation of the train and the killing of the cow which showed due care in the operation of the railroad, it was error to refuse the defendant an instruction that, if they believed the cow was killed by the east-bound train of the defendant testified to by its witnesses, the jury would find for the defendant.

*Headnotes 1. Railroads, 33 Cyc., p. 1277;  2. Railroads, 33 Cyc., p. 1313.

APPEAL from circuit court of First District, Carroll county.

HON. T. L. LAMB, Judge.

Action by M. J. Nye against the Columbus & Greenville Railway Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

*Gardner, Odom & Gardner,* for appellant.

I. DENYING PEREMPTORY INSTRUCTION FOR RAILWAY COMPANY WAS FATAL ERROR. The verdict of the jury is not supported by the evidence. A brief review of the testimony will demonstrate this. *Railway* v. *Baird,* 76 Miss. 523 & 524. In the second place, looking at the testimony of this witness from another angle, and still assuming, for the sake of argument only, that he saw the cow in question killed, his evidence shows no negligence or lack of reasonable care whatever on the part of the Railway Company's servants. The witness admitted that the whistle was blown and that the cow was killed on a curve, and he does not deny that the brakes were applied immediately, or that said brakes were functioning properly.

The killing of the cow was an unavoidable accident and we have a case coming squarely within the principles so often announced by this court in a long and unbroken line of decisions, wherein the duties owed by a railroad company to trespassing stock are set out as follows: (1) A railroad company is not under duty to keep a lookout for trespassing stock; (2) only reasonable care is required of the railroad company to avoid injury to stock after the animal is discovered in a position of peril; (3) the standard action of an average man under existing circumstances is the criterion; (4) an engineer does not have to check his speed until there is reasonable apprehension that the animal will go upon the track.

We rely upon and cite below, a list of cases from our court in which the foregoing propositions of law are clearly stated and definitely settled: *R. R. Co.* v. *Brumfield,* 64 Miss. 637, 1 So. 905; *R. R. Co.* v. *Burgeois,* 66 Miss. 3, 5 So. 629; *R. R. Co.* v. *Whittington,* 74 Miss. 410,

21 So. 249; *R. R. Co.* v. *Wright,* 78 Miss. 125, 28 So. 806; *R. R. Co.* v. *Frazier,* 104 Miss. 372, 61 So. 547; *R. R. Co.* v. *Morrison,* 107 Miss. 300, 65 So. 275; *R. R. Co.* v. *Jones,* 111 Miss. 159, 71 So. 309; *Hines, Director General,* v. *Thompson,* 123 Miss. 634, 86 So. 450; *Hines, Director General,* v. *Andrews,* 124 Miss. 292, 86 So. 801; *Payne, Director General,* v. *Hamblin,* 126 Miss. 765, 89 So. 621; *R. R. Co.* v. *Martin,* 126 Miss. 756, 89 So. 620; *R. R. Co.* v. *Morrison,* 107 Miss. 300, 65 So. 275, is identical with the case at bar on facts, and should control here.

II. The Railway Company was Clearly Entitled to Instruction No. 2 Refused by the Court. Instruction No. 2 requested by the Railway Company and refused by the trial court was in the following language: "The court instructs the jury for the defendant, that if you believe from the evidence introduced, that plaintiff's cow was killed by an east-bound train as testified to by the witness for the Railroad Company, then it is your duty to return a verdict for the defendant."

The refusal of this instruction simply means that the plaintiff's chances of recovery were increased two-fold. In other words, if his cow had been killed by an east-bound train, he was entitled to recover, and if she was killed by a west-bound train he was entitled to recover. The negro, Mose Walker, whose testimony has been discussed at some length in this brief, was the only witness who testified that the cow was killed by a west-bound train. All the other witnesses in the case and the physical circumstances showed clearly that the cow was killed by an east-bound train. If the cow was killed by an east-bound train, all the witnesses in the case who saw the accident testified that the engineer did everything in his power to avoid striking the cow after discovering her position of peril. If this be true, why then was the Railway Company not entitled to the instruction under consideration?

The Railway Company ought not to be deprived of the right to an instruction which in substance informed

the jury that there was no liability if the cow was killed in the manner testified to by witnesses for the Railway Company.

*T. O. Yewell,* for appellee.

In view of the conflict in the testimony as to the amount of care exercised by the appellant's employees after they saw, or could have seen the cow on the track, the instructions given by the lower court were properly granted.

If any error was committed by the lower court in granting to appellee the instruction on the *prima-facie* statute, it was cured by the court in afterward instructing the jury that it was not a case in which that statute could be considered.

The question of the credibility of witnesses is for the jury to determine, and there is sharp conflict of the testimony in many points. The assessment of the valuation of the cow is amply supported by the proof in the case, and certainly is not unreasonable in amount.

Argued orally by *H. T. Odom,* for appellant.

Etheridge, J., delivered the opinion of the court.

The appellee sued the appellant in the justice of the peace court for one hundred and sixty-five dollars for the wrongful killing of one cow. There was a judgment for said amount in the justice court, and the case was appealed to the circuit court, where the case was again tried and verdict rendered for sixty-five dollars from which judgment the defendant appeals.

The cow was killed near mile post No. 99 in Carroll county. A witness for the plaintiff testified to seeing the cow killed by a train traveling west about two o'clock p. m. He stated that the whistle blew, but that the train did not slow down and that the track at the point where the accident occurred was visible for about four

hundred yards from the east. The train crew of this train was not introduced by the defendant, but a train crew of a train traveling toward the east testified that they struck a cow near the said mile post on the said day, and testified that they were approaching the scene of the accident on a curve, and that on account of the curve the engineer could not see the cow until too close to the place of accident to stop the train; that when he saw the cow she was crossing the track; that he blew the whistle, put on the brakes, and did all that could be done to prevent the injury. He further testified that the fireman was busy with his duties firing the locomotive, but that the fireman could have seen the cow from his side of the locomotive had not his duties occupied his attention. The fireman testified to like effect. They both testified that after they discovered the cow they did all that could be done to prevent the injury.

The plaintiff obtained an instruction on the *prima-facie* statute, while the defendant obtained an instruction that the *prima-facie* statute was not applicable, and that the facts had been disclosed in evidence by witnesses. The defendant requested and was refused an instruction that if the jury believed from the evidence introduced that plaintiff's cow was killed by an east-bound train as testified to by the witnesses for the railroad company, then it was the duty of the jury to return a verdict for the defendant. The defendant also requested a peremptory instruction which was refused.

A number of assignments of error have been argued; but we think there is no merit in any of them, except the refusing of the instruction that, if the jury believed the cow was killed by the train traveling east, as testified to by the witnesses for the defendant, they should find for the defendant.

The testimony of these witnesses shows that they did all they could do after discovering the cow on the right of way to prevent the injury, and that the train was in good condition, properly equipped, and that the fireman was engaged about his duties, and that it was necessary

for him to be so engaged to properly operate the train at the particular place.

If the injury was inflicted by the east-bound train, the defendant produced the facts which would exculpate it from liability; but if the injury was inflicted by the west-bound-train, on the proof in this record there would be liability, and the *prima-facie* statute would be applicable, as the employees of the railroad company operating the train did not testify. The application of the *prima-facie* statute should have been limited to the train going west and should not have been applied to the train going east under the facts in this record.

The judgment will therefore be reversed, and the case remanded for a new trial.

*Reversed and remanded.*