TAYLOR *v.* ILLINOIS CENT. R. CO.

(In Banc. Nov. 25, 1946.)

[27 So. (2d) 894. No. 36222.]

**S. C. Mims**, of Grenada, for appellants.

572

Cowles Horton, of Grenada, Lucius E. Burch, Jr., of Memphis, Tenn., and V. W. Foster and Chas. A. Helsell, both of Chicago, Ill., for appellee.

**Roberds, J.,** delivered the opinion of the Court.

Appellants, brother and sister, sued appellee railroad for damages resulting from the death of their brother, W. T. Taylor, allegedly caused by the negligence of said railroad. Both sides introduced evidence. At the close of the testimony, the learned trial judge granted the railroad a peremptory instruction. The correctness of that action is the only question involved on this appeal.

The peremptory was granted under this state of facts: About seven o'clock on Monday morning, September 14, 1942, the dead body of W. T. Taylor was discovered lying upon the outer edge of the cross-ties on the west side of the west rail of appellee's railroad track at a point about one hundred and twenty feet south of a crossing near Bryant, Mississippi. There was blood and human flesh on the west rail and cross-ties some six to eight feet north of the body, indicating Taylor was struck by a train going south—at least, the physical facts would have justified such finding by the jury. But, it is also evident that if and when struck by the train, Taylor was outside and west of the west rail. The railroad track is practically straight for some two or three miles north of the point of this accident. Taylor had separated from two other parties at Bryant's crossing around eleven to eleven thirty o'clock on the night before the body was found the next morning, the other parties going to their homes east of the railroad and Taylor proceeding south on the rail-

road. All the parties were walking. Taylor was drunk or practically so. That was the last time he was seen alive. From the time of this separation to the time the body was found, two trains, and only two, passed this point—one going south about 3:10 o'clock and the other north about 4:15. Both trains were manned by the same crew, the returning point being the City of Grenada, located a short distance south of the scene of the accident. The train whistled for the crossing; the headlights were in good condition, the engineer and firemen were keeping a proper lookout at this point, and they did not see the body of Taylor either going south or returning north. The first the train crew knew of the accident was late in the afternoon on Monday when informed of it by the county officers. It is further shown that a few feet north of where the body was struck, a sidetrack connects with and extends from the main line, and that the rails and ties of this switch-track, together with a "frog" used, as we understand, to switch cars onto the side track, all being in close proximity to the rails and ties of the main line, result in much confusion in distinguishing objects in that vicinity—so much so that the fireman testified that a human body lying at the point where Taylor's body was struck would be indistinguishable at night to one on the locomotive engine except looking almost straight down.

It is contended by appellants here that, under these conditions, the question of negligence vel non of appellee should have been submitted to the jury under Section 1741, Miss. Code 1942, and New Orleans, Mobile & Chicago Railroad Co. v. Harrison, 105 Miss. 18, 61 So. 655. That section provides that proof of injury inflicted by the running of a locomotive engine propelled by steam is prima facie evidence of the want of reasonable skill and care in the operation of such engine. However, this prima facie result disappears when all of the facts surrounding the accident are shown, as was done in this case. Meridian Light & R. Company v. Dennis, 136 Miss. 100, 100 So. 581. Therefore, the statute carries no weight here.

In the Harrison case, supra, the deceased when struck by the train, was between the rails. Here, he was evidently outside the rails. In that case, proof was made that the body of deceased might have been seen for two hundred yards by persons standing on the ground. Naturally, one in an engine, some distance up from the ground, could have seen such person a greater distance than one standing on the ground. The engineer testified he first saw the victim seventy-five yards away. In that situation the Court reasoned the jury had a right to disbelieve the testimony of the engineer. In the case at bar neither the engineer nor the fireman saw Taylor; they were on the lookout, and there is no proof that they could, or should, have seen him at all—certainly, nothing to show they could have seen him in time to stop the train before striking him. It is evident at once that the facts of this case are materially different from the facts in the Harrison case.

They are much more similar to those in the case of Murray v. L. & N. R. Co., 168 Miss. 513, 151 So. 913, in which case this court held that a peremptory instruction was properly given. In that case it was shown that the engineer and fireman had kept a lookout at the point of the accident; that the deceased was on the track as a trespasser, and that the employees did not see him on the track and were not aware of his peril. In the case at bar Taylor was a trespasser; evidently he had been for several hours in an intoxicated condition at, or near, the place where he was found. The engineer and fireman did not see him and there is no evidence that they should have done so. No negligence whatever is shown on the part of the railroad. The trial court was correct in granting the peremptory instruction.

Affirmed.

**Sydney Smith, C. J.**, did not participate in this decision.