GULF M. & O. R. Co. *v.* SCARBOROUGH.

(In Banc.   Jan. 27, 1947.   Suggestion of Error Overruled March 17, 1947.)

[28 So. (2d) 849.   No. 36315.]

Welch & Cooper, of Laurel, and Hannah, Simrall & Foote, of Hattiesurg, for appellant.

**E. C. Fishel**, of Hattiesburg, for appellee.

**Alexander, J.**, delivered the opinion of the Court.

Appellee filed suit for the value of two animals alleged to have been killed by the negligent running of a train by appellant.

There were no eye-witnesses, and the plaintiff availed of Code 1942, Section 1741, to make a prima facie case. The defendant showed, without contradiction, its complete train schedule affecting the situs of the injuries and death, and disclosed no trains passing the point at the time testified to by plaintiff's witnesses. It is true that

two of such witnesses were indefinite as to the time they heard a northbound train pass, but the scope of such uncertainty could hardly encompass the time at which it was claimed the animals were struck. Moreover, the declaration alleged that the animals were struck by a southbound train, and the circumstance would indicate that this theory alone was the only plausible one.

The physical signs, nature of the wounds, and location of the body of the horse indicate rather conclusively that some injury had been sustained before the animals reached the track or right-of-way. It is very doubtful that plaintiff established that the killing was caused by the running of the train.

Conceding for discussion only that the animals were struck by the train, the evidence is without contradiction that there was no negligence on the part of the defendant. The engineers and firemen of the only three trains passing the point during the limits of the period sought to be covered by the plaintiff, each testified that they did not see the animals and did not strike them. The case is governed by Taylor v. Illinois Cent. R. Co., 200 Miss. 571, 27 So. (2d) 894, in which case this Court assumed that the deceased was killed by the train. In addition to the authorities cited therein, see also Columbus & G. R. Co. v. Nye, 139 Miss. 295, 104 So. 90 (reversed on other grounds.)

The testimony of the plaintiff's nephew, undermined no little by inherent improbability and impeachment, asserting that the whistle of the only southbound train then operating, indicated a warning to stock upon the track, could not import knowledge by the train crew of the animals' presence (as in Fore v. Illinois Cent. R. Co., 172 Miss. 451, 159 So. 557, 160 So. 903), since the uncontradicted proof is that there was no southbound train operating at the time.

The peremptory instruction requested by the defendant ought to have been given.

Reversed and judgment for appellant.