JOE BARKER SHAW v. RAMEY (RAYMOND) JOYCE.

(Filed 14 January, 1959.)

**Animals § 3—**

   In this action by a motorist to recover damages suffered when he collided with a mule when it suddenly jumped onto the highway immediately in front of his car at nighttime, evidence tending to show that defendant knew that the wire around his pasture was old and that the mule had escaped from the pasture earlier on the day of the collision and on the night before the collision, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in failing to exercise reasonable care to keep the animal in restraint.

APPEAL by plaintiff from *Crissman, J.,* July 1958 Term, of SURRY.

Plaintiff seeks to recover damages resulting from a collision between defendant's mule and an automobile owned and operated by plaintiff. The collision occurred near midnight on 14 August 1947 on Highway 89. Plaintiff was driving westwardly towards Mount Airy on his right side at a speed approximating 40 m.p.h. The highway was paved. There were dirt shoulders on each side of the pavement; a cornfield was on the left of the highway, and a wooded area to the right, with plum bushes reaching practically to the highway. When plaintiff was opposite the plum bushes, the mule, dark in color, suddenly jumped on the highway immediately in front of and then on plaintiff's automobile. The car came to an abrupt stop. Plaintiff then discovered that the object which struck him was defendant's mule. Plaintiff offered evidence, referred to in the opinion, for the purpose of charging defendant, the owner, with knowledge that the mule frequented the highway. At the conclusion of plaintiff's evidence, defendant's motion to nonsuit was allowed.

*J. H. Blalock and Edward N. Swanson for plaintiff, appellant.*
*Wilson Barber for defendant, appellee.*

RODMAN, J.   The measure of defendant's duty as owner of the mule to prevent it from roaming on the highway is concisely stated in *Gardner v. Black,* 217 N.C. 573. It is there said: "The liability of the owner of animals for permitting them to escape upon public highways, in case they do damage to travelers or others lawfully thereon, rests upon the question whether the keeper is guilty of negligence in permitting them to escape. In such case the same rule in regard to what is and what is not negligence obtains as ordinarily in other situations. It is the legal duty of a person having charge of animals to exercise ordinary care and the foresight of a prudent person in keeping them

in restraint." Similar declarations are found in *Kelly v. Willis*, 238 N.C. 637, 78 S.E. 2d 711; *Lloyd v. Bowen*, 170 N.C. 216, 86 S.E. 797; *Pongetti v. Spraggins*, 34 A.L.R. 2d 1277; *Smith v. Whitlock*, 19 S.E. 2d 617, 140 A.L.R. 737; 2 Am. Jur. 737, 738.

To establish defendant's negligent failure to keep the mule off the highway, plaintiff offered evidence that the mule was kept in a pasture to the rear of defendant's home and about 250 feet from the highway; the wire around the pasture was old, the gate was a "tobacco slide." The mule escaped from the pasture earlier on the day of the collision and on the night before the collision. Defendant knew of these escapes. Following the accident defendant stated ". . . he had a poor fence down there, a poor pasture where he kept his mules and cows . . ." This evidence sufficed to require submission of an appropriate issue to the jury.

Whether plaintiff was negligent in not seeing the mule before it came on the highway or in failing to exercise reasonable care to prevent the collision must be determined by a jury.

Reversed.