HAGGER *v.* SELF, et al.

No. 43807          February 14, 1966          183 So. 2d 175

*J. A. White,* Durant, for appellant.

*King & King,* Durant, for appellees.

GILLESPIE, P. J.

The suit was filed by Fred Hagger, plaintiff below and appellant here, against J. W. Self and others for the recovery of damages done plaintiff's truck in a collision between said truck and a bull owned by defendant, J. W. Self, on a state-designated, paved highway. The jury found for defendants. We affirm.

The principal question in this case is whether defendants met the burden of proving lack of negligence on their part.

Appellant offered proof that his truck was damaged as a result of a collision between the truck and a bull belonging to defendants, and that the collision took place on a state-designated, paved highway.

The proof established a prima facie case of liability under the provisions of Mississippi Code Annotated section 4876-05 (1957), which provides that:

The owners of livestock which through their owner's negligence are found on federal or state designated paved highways or highway right-of-ways shall be subject to any damages as a result of wrecks, loss of life or bodily injury as a result of said livestock being on the above designated highways. The burden shall be on the owner of any such livestock to prove lack of negligence.

To meet the burden placed upon them by the foregoing statute, defendants offered testimony that the land immediately adjacent to the highway where the accident took place was leased by one of the defendants, and was planted in corn. There was no fence between the corn field and the highway. The bull was last seen within about an hour of the time of the accident in a feed lot, which was connected to a pasture by an open gate, so that the bull could go from the feed lot to the pasture. The fence surrounding the pasture, and particularly that between the pasture and the corn field, had been repaired about four months before the accident, by placement of some new white oak posts and some new wire. The proof showed that, as repaired, the fence consisted of four strands of barbed wire stretched tight, and was capable of holding cattle under normal conditions. At the place where the bull escaped from the pasture, the fence consisted of new white oak posts with four strands of barbed wire. The bull had put his head under the lower strand, and had pushed the fence from the ground, and thus made his escape. The bull had never been known to escape, except one time when he was engaged in a fight with a neighboring bull.

The case went to the jury on proper instructions, and we are of the opinion that the jury was justified in finding that the defendants met the burden of proving lack of negligence on their part. It is argued that the verdict was against the overwhelming weight of the evidence, but with this, we cannot agree.

512

It is also contended that the court erred in granting a peremptory instruction for one of the defendants, Mrs. R. H. Self.

We are of the opinion that there is no merit to the contention, for there is no proof whatever that Mrs. Self had any interest in the bull, and the proof was positive that she did not have any such interest.

There was no reversible error, and the case is therefore affirmed.

Affirmed.

*Rodgers, Brady, Inzer, and Smith, JJ.,* concur.