### WILLIAM BAXTER WELLS v. JOAB F. JOHNSON, JR.

(Filed 8 March, 1967.)

**Animals § 3—**

In an action to recover for injuries received by a motorist when his car collided with cattle on the highway, evidence that defendant's cattle had been out of pasture, unattended, on prior occasions, and permitting the inference that defendant knew or should have known that his pasture fences were insufficient to restrain his cattle, *held* sufficient to take the issue of negligence to the jury.

APPEAL by defendant from *Fountain, J.,* October 3, 1966 Civil Session of PENDER.

The issues raised by the pleadings were answered by the jury as follows: "1. Was the plaintiff injured by the negligence of the defendant, as alleged in the Complaint? ANSWER: Yes; 2. If so, did the plaintiff, by his own negligence, contribute to his injury, as alleged in the Answer? ANSWER: No; 3. What amount of damages, if any, is the plaintiff entitled to recover of the defendant? ANSWER: $5,000.00." Judgment for plaintiff, in accordance with the verdict, was entered. Defendant excepted and appealed.

*Marshall & Williams and Moore & Biberstein for plaintiff appellee.*

*Joseph C. Olschner for defendant appellant.*

PER CURIAM. Plaintiff's action is to recover damages for personal injuries he sustained as a result of a collision between the Chevrolet Corvair he was driving and four black Angus cattle owned by defendant. The only evidence was that offered by plaintiff.

There was evidence that Highway #53 runs through defendant's farm; that plaintiff, on November 3, 1963, about 1:00 a.m., when proceeding east on #53, came upon a herd of defendant's cattle, some of which were on the paved portion of #53, and collided with four of them; that, on other occasions during the month or so preceding November 3, 1963, cattle of defendant were out of pasture and on or near #53; and that defendant's pasture fences were rusty and otherwise defective.

When considered in the light most favorable to plaintiff, the evidence was sufficient to permit a jury to find that defendant knew or should have known that his cattle had been out of pasture, unattended, on prior occasions, and that defendant knew or should have known that his pasture fences were defective and insufficient to restrain his cattle, and that defendant's negligent failure to keep his

cattle from running at large on #53 proximately caused the collision and plaintiff's injuries. Under legal principles set forth in *Kelly v. Willis,* 238 N.C. 637, 78 S.E. 2d 711, and in *Shaw v. Joyce,* 249 N.C. 415, 106 S.E. 2d 459, the evidence, in our opinion, was sufficient to require submission of the issues raised by the pleadings. Hence, de-fendant's assignment that the court erred in overruling his motion for judgment of nonsuit is without merit.

Defendant's other assignments of error, relating principally to rulings on evidence and portions of the charge, have received care-ful consideration. Error, if any, with reference thereto, is not con-sidered of such prejudicial nature as to justify a new trial or to merit particular discussion. Hence, the verdict and judgment will not be disturbed.

No error.