216 So.2d 415 (1968)
The HARTFORD INSURANCE GROUP
v.
B.M. MASSEY.
No. 44963.
Supreme Court of Mississippi.
September 23, 1968.
As Modified on Denial of Rehearing December 9, 1968.
*416 Holcomb, Curtis & Connell, George M. Fleming, Clarksdale, for appellant.
Maynard, Fitzgerald, Maynard & Bradley, Clarksdale, for appellee.
BRADY, Justice.
From a peremptory instruction granted the defendant in the Circuit Court of Coahoma County, Mississippi, this appeal is prosecuted.
The record discloses the following pertinent facts. On June 7, 1966, at approximately 2:00 A.M., on Highway 61 about nine miles north of Clarksdale, appellant's vehicle struck a calf owned by the appellee. Appellant charges that the collision resulted in damages to his vehicle. Mr. James Mullin, an independent automobile appraiser who testified for the appellant, estimated that the repairs to the truck would cost $3,641.37. The appellant did not offer any testimony that the repairs were reasonable and necessary. At the conclusion of appellant's testimony below, the appellee moved for a directed verdict and to exclude the evidence, which was overruled. At the conclusion of all of appellee's testimony and introduction of all evidence, a motion for a peremptory instruction was renewed, which the trial court sustained.
Three assignments of error are urged, two of which relate to the exclusion of certain evidence which hereinafter will be considered. The main error assigned is that the trial court erred in sustaining the motion of the appellee for a peremptory instruction on the ground that appellant failed to show by a preponderance of the evidence that appellee was negligent.
We have carefully reviewed the testimony in this case and read with considerable interest the briefs filed herein. At the outset, it is to be noted that the appellant wholly failed to show that the damages to the car which Mr. James Mullin appraised were the damages occasioned solely by the striking of the calf by the appellant. Appellant did not comply with the rule in this state as set forth in Greyhound Corporation v. Townsend, 234 Miss. 839, 108 So.2d 208, 853 (1959), and National Fire Insurance Company of Hartford v. Slayden, 227 Miss. 285, 85 So.2d 916 (1956), in that he did not meet the requirement which has long been established in the state, namely, that the proof must show (1) that the repairs were necessary, and (2) that the cost of the repairs was reasonable. On these two points the record is silent.
The proof in this case shows that the fence or enclosure owned by appellee, through which the calf escaped, extended on both sides of Highway 61 in a north and south direction. The proof is overwhelming that the fence which appellee maintained was in good condition; that portions of the fence were inspected daily and all of the fence was inspected weekly; and that any defect which arose in the fence was properly corrected. This proof is conclusive insofar as the appellee's reasonable and proper maintenance of the fence is concerned. A broken wire accounts for the presence of the calf on the highway through no fault of the appellee. The appellant's evidence wholly failed to establish that appellee's cattle had been permitted to go at large on the highway or right-of-way prior or subsequent to the accident.
This cause is based upon the terms and provisions of Mississippi Code 1942 Annotated sections 4876-01 and 4876-05 (1956). The latter section provides as follows:
The owners of livestock which through their owner's negligence are found on federal or state designated paved highways or highway right-of-ways shall be *417 subject to any damages as a result of wrecks, loss of life or bodily injury as a result of said livestock being on the above designated highways. The burden shall be on the owner of any such livestock to prove lack of negligence.
The rule regarding the essentials necessary for appellant to maintain his cause of action is set out in Hagger v. Self, 254 Miss. 508, 183 So.2d 175 (1966) and National Dairy Products Corporation v. Jumper, 241 Miss. 339, 130 So.2d 922 (1961) and is discussed in Hughes v. W. & S. Construction Company, 196 So.2d 339 (Miss. 1967). In the case at bar, appellant made out a prima facie case under the rule in Hagger v. Self, supra, by showing that appellant struck a cow on a state paved highway and that the cow belonged to the appellee. However, when as in the present case the defendant comes forth with conclusive proof of lack of negligence, therefore meeting the burden as set forth in the statute, and the plaintiff fails to establish any negligence on the part of the defendant, a peremptory instruction may be properly granted. [For comparison see Mississippi Code 1942 Annotated section 1741 (1956) and the cases relating thereto including Dickerson v. Illinois Central Railroad Company, 244 Miss. 733, 145 So.2d 913 (1962); Taylor v. Illinois Central Railroad Company, 200 Miss. 571, 27 So.2d 894 (1946); and Gulf, Mobile and Northern Railroad Company v. Jones, 137 Miss. 631, 102 So. 385 (1925).] The testimony of the four witnesses who testified in behalf of appellant failed to show any defective condition of the fence or enclosure or the manner in which appellee conducted his operation. All of the witnesses on behalf of appellee testified that the fence was in good condition, sound, suitable, well built, and regularly inspected. The appellant for the most part has predicated his case upon the fact that a calf belonging to appellee was on the highway and was struck by his agent who was driving the truck. This case does not fall within the purview of Shaw v. Joyce, 249 N.C. 415, 106 S.E.2d 459 (1959), for the reason that in Shaw the fence was shown to be in a poor state of repair and the mule involved in the accident was shown to have a history of escaping from the enclosure. The appellant likewise relied upon the fact that the fence in question was twelve years old and therefore was not in good condition. The proof wholly fails to justify this conclusion. We hold that the appellee has met the burden of proof which is placed upon him. The testimony of all witnesses wholly failed to show that the fence was poorly constructed and not capable of keeping animals within the enclosure. It was not negligence on the part of the appellee to permit the fence to remain in its present condition.
We next consider appellant's contention that the trial court erred in excluding certain evidence offered by the appellant. The trial court excluded appellant's question: "Had there been any other accidents at that particular place involving a cow?" This is urged as reversible error. The evidence of the commission of similar acts or the occurrence of prior accidents is admissible mainly where there is some special connection which tends to show plan, notice or knowledge of danger, or a dangerous condition. 29 Am.Jur.2d Evidence § 298 (1967). Mississippi has long followed the rule of admitting evidence of prior acts or accidents for the purpose of showing a dangerous condition and notice therof, but this evidence has been admitted only in cases where other proof of negligence is present. Gulf Hills Dude Ranch, Inc. v. Brinson, 191 So.2d 856 (Miss. 1966); Illinois Cent. R.R. Co. v. Williams, 242 Miss. 586, 135 So.2d 831 (1961); and S.H. Kress & Co. v. Markline, 117 Miss. 37, 77 So. 858 (1918).
In general, the admissibility is limited to conditions of permanency and the evidence must show that former accidents happened under substantially the same circumstances as those existing at the time of the accident. 29 Am.Jur.2d Evidence § 298 (1967). Appellant in the case at bar failed *418 to show that the former accidents involved cattle of the appellee and that a condition existed which should have given appellee notice of the dangerous condition so that failure to rectify the condition would be negligence. The inquiry as to previous accidents, assuming that there had been such accidents, could have involved the cattle of anyone in the area, cattle that escaped from a passing cattle truck or through an open gate, or any number of various circumstances.
Where defective fences or cattle guards have been shown, evidence of prior accidents or stock previously loose from enclosures may be admitted to show or indicate the condition of the fence or guard. O'Mara v. Newton & N.W.R.R. Co., 140 Iowa 190, 118 N.W. 377 (1908); and Bowen v. Flint & P.M.R.R. Co., 110 Mich. 445, 68 N.W. 230 (1896). In the present case there is no evidence which indicates that the fence was defective, and the testimony was properly excluded since appellant did not show that the cow involved in the alleged accident was the cow of appellant. Anderson v. King, 217 Miss. 140, 63 So.2d 792 (1953). The trial court has ample discretion in determining whether the evidence offered meets the prerequisite of substantial similarity of conditions, and we hold that the court did not abuse its discretion in not permitting this testimony. As to the admissibility of acts subsequent to the accident, discretion rests largely with the trial court in determining if the evidence offered meets the prerequisite of substantial similarity of conditions. We cannot say that the court abused its discretion in denying the introduction of evidence to show that subsequent to the accident a cow was seen on the same side of the highway within fifty yards of the scene of the accident.
In conclusion, the trial court did not commit error in granting appellee the peremptory instruction. The evidence offered by appellee, which was not contradicted, completely exonerated him of any negligence in the maintenance of his fence. There is no evidence of the appellee negligently or intentionally permitting the calf to run at large. The proof of the appellant fails to establish any negligence on the part of appellee.
For the foregoing reasons the judgment of the lower court is affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and INZER, JJ., concur.