ON WRIT OF CERTIORARI
KITCHENS, JUSTICE,
FOR THE COURT: .
¶ 1. A patron of the Baptist Healthplex in Clinton, Mississippi, slipped, fell, and sustained injuries when stepping into the Healthplex therapy pool. He sued, alleging, inter alia, that the Healthplex had failed to maintain its premises in a reasonably safe condition. The Circuit. Court of the First Judicial District of Hinds County granted, summary judgment to Baptist,[1] and .the Mississippi Court,of Appeals affirmed. .Finding that genuine issues of material fact exist, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
¶ 2.. Timothy Vivians, a member of the Baptist Healthplex in Clinton, Mississippi, entered, the , Healthplex pool area on February 12, 2008. As he stepped off the first step and onto the second step of the therapy pool, he slipped and fell backward onto the concrete stairs. Vivians was holding onto the railing and had his walking, cane in hand at the time of his fall. He was transported by ambulance to the VA Medical Center in Jackson, Mississippi.
¶3. Vivians sued the Healthplex along with , Becky Vrieland, the Healthplex’s Aquatics Director; Helen Wilson, a Healthplex employee; ABC Companies; and John Does 1-10.
¶ 4. Drs. Maurice McShan and Edward Hobgood, who were among ViviansVtreat-ing.physicians, were designated by Vivians as expert witnesses. Dr. McShan, an inter *306 nist, was designated by Vivians to testify as an expert that Vivians was treated for shoulder pain after the accident on several occasions and that the fall was the sole proximate cause of the injuries suffered. Vivians designated Dr. Hobgood, an ortho-paedic surgeon, to testify as an expert that Vivians’s fall was the sole proximate cause of a surgical rotator cuff tear to his right shoulder and that the tear necessitated a rotator cuff repair.
¶ 5. Baptist moved for summary judgment, arguing that Vivians had failed to present evidence of the existence of a dangerous condition. In response, Vivans produced thirteen incident reports detailing other slip and fall occurrences in the Healthplex pool area from 2005 to 2010. The incident reports indicated that, of those thirteen occurrences, six involved the steps into the therapy pool. Vivians also produced the deposition of William D. Carpenter, then-executive director of the Healthplex, taken pursuant to Mississippi Rule of Civil Procedure 30(b)(6). Carpenter indicated in his deposition that, because of the incidents, the handrails were wrapped with a yellow abrasive wrapping containing the word “Caution” and the therapy pool and steps were replastered, but he did not know when those safety measures had been implemented.
¶ 6. The circuit court granted summary judgment in favor of Baptist, ruling that, while Vivans had offered “testimony of one prior fall at the therapy pool steps, this Court does not find that one prior fall is sufficient to establish a dangerous condition.” The Court of Appeals affirmed, holding that the circumstances surrounding Vi-vians’s fall were not substantially similar to the circumstances surrounding the slip and fall incidents prior to and subsequent to Vivians’s fall. Vivians v. Baptist Healthplex, 200 So.3d 485, 488-89 (Miss. Ct. App. 2016).
¶ 7. We granted Vivians’s petition for writ of certiorari to consider the existence of genuine issues of material fact regarding whether the steps into the therapy pool at the Healthplex constituted an unreasonably dangerous condition and whether Baptist was negligent for failure to maintain its premises in a reasonably safe condition. •
STANDARD OF REVIEW
¶ 8. When reviewing a trial court’s grant or denial of a motion for summary judgment, this Court applies a de novo standard of review. Whitaker v. Limeco Corp., 32 So.3d 429, 433-34 (Miss. 2010).
The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied.
Leslie v. City of Biloxi, 758 So.2d 430, 431-32 (Miss. 2000) (citations omitted).
ANALYSIS
¶ 9. The parties stipulated that Vivians was an invitee. We have held that a “landowner owes an invitee the ‘duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view.’ ” Mayfield v. The Hairbender, 903 So.2d 733, 737-38 (Miss. 2005) (quoting Corley v. Evans, 835 So.2d 30, 37 (Miss. 2003)).
¶ 10. “Under certain conditions, reports of ... subsequent accidents at a certain location may be admissible into evidence.” We have held that “[a]s to the admissibility of acts subsequent to the ac *307 cident, discretion rests largely with the trial court in determining if the evidence offered meets the prerequisite of substantial similarity of conditions.” Hartford Ins. Grp. v. Massey, 216 So.2d 415, 418 (Miss. 1968). Vivians submitted five incident reports detailing slip and fall occurrences on the Healthplex therapy pool steps. Vivians argues in his petition for writ of certioriari that the five subsequent incidents create a genuine issue of material fact with regard to the existence of a dangerous condition. The facts of those incidents are reproduced, verbatim, below:
• March 9, 2008: Patron “entering, the water and slipped on the steps. He was holding rail with both hands, but still slipped.”
• May 12, 2008: Patron “slipped on the stairs, but caught himself on the hand rail .... ”
• October 27, 2008: Patron “stated that steps going into the therapy pool are very slick. [Patron] was holding onto rail and slipped on step and hit back and head.”
• June 19, 2009: Patron “was getting into the warm therapy pool .... She slipped and fell on the steps as she was going down the steps into the pool.”
• December 20, 2010: Patron “was coming out of the pool after 8 AM ... class. She was holding onto another woman when exiting on the steps and slipped down on the top of the steps when she turned loose of woman.”
¶ 11. The Court of Appeals determined that, “[although the evidence demonstrates that five other Baptist Healthplex members slipped on the therapy pool’s steps subsequent to Vivians’s' accidént, there is insufficient evidence that the accidents occurred under or were caused by ‘substantially similar circumstances.’” Vivians, 200 So.3d at 488. But the five subsequent slip and fall occurrences took place on the steps leading into the Healthplex therapy pool. Two of the incidents, more specifically, involved patrons like Vivians who, despite holding onto the rail, still slipped. Three of the incidents resulted in minor injuries. One patron “hit his back and head” when he slipped and fell. Another patron’s fall resulted in a hurt ankle with “a few cuts on it.” A third patron’s fall caused “bleeding on her right knee and left shin.”
¶ 12. We find that Vivians adduced ample evidence that his slip and fall on the Healthplex therapy pool steps was substantially similar to the subsequent slip and fall occurrences, and that a genuine issue of material fact exists with regard to the existence of a dangerous condition.
¶ 13, We next consider whether a genuine issue of material fact exists with regard to whether Baptist breached its duty to Vivians to maintain its premises in a reasonably safe condition. The Mayfield Court found that the “two duties — (1) to keep the premises reasonably safe, and (2) to warn of hidden dangers — are separate,” that “[t]he breach of either duty supports a claim of negligence,” and that “[e]ach must be separately analyzed.” Mayfield, 903 So.2d at 738.
¶ 14. In its brief in the Court of Appeals, Baptist argued that:
It is common knowledge that steps leading into a pool will be covered in water •and will be slicker than' a dry flight of steps. Such a “danger” should have been obvious to Vivians ' in the exercise of ordinary care. In the absence of any evidence from Vivians that the step in question was rendered unusually slippery due to some defect, Vivians cannot prove, as a matter of law, that the step presented the sort of non-obvious “dan *308 ger” of which BHP had a duty to warn. Accordingly, the trial court properly granted summary judgment with respect to Vivians’s failure to warn claims against. BHP, and its decision should be affirmed.
This argument is maintained in Baptist’s response to Vivians’s petition for writ of certiorari: “Vivians has failed to demonstrate the presence of any non-obvious dangers on the therapy pool steps about which [Baptist] had a -duty to warn Vivi-ans.”
¶ 15. In Mayfield, Anita Mayfield, who was making a delivery to The Hairbender salon, “tripped on pavement she described as ‘broken, unlevel - pavement’ which was ‘pushed up, probably jutted up two inches over ,the bottom step.’ ” Mayfield, 903 So.2d at 734. She sued, alleging that The Hairbender had been negligent both in failing to warn her of the pavement’s condition and in failing to repair it. Id. Summary judgment was granted to The Hair-bender because the “dangerous condition was open and obvious.” Id. at 735.
¶ 16. This Court agreed that the dangerous condition was open and obvious and held that summary judgment was proper as to Mayfield on her failure to warn claim because “evidence established not only that the hazard was open and obvious, but also that Mayfield actually knew of the danger.” Id. at 736. As to the claim for failure to maintain the premises claim, this Court reversed and remanded the grant of summary judgment. Id.
¶ 17. We noted first that this Court had “abolished the open and obvious theory as an absolute defense in. premises liability cases.” Id. at 737 (citing Tharp v. Bunge Corp., 641 So.2d 20, 25 (Miss. 1994)). In Tharp, this Court had reasoned that:
This Court should discourage unreasonably dangerous conditions rather than fostering them in their obvious forms. It is anomalous to find that a defendant has a duty to provide reasonably safe premises and at the same- time deny a plaintiff recovery from a breach of that same duty. The party in. the best position to eliminate a dangerous condition should be burdened with that responsibility. If a- dangerous condition is- obvious to the plaintiff, then surely it is obvious to the defendant as well. The defendant, accordingly, should alleviate the danger. -
Tharp, 641 So.2d at 25. In Mayfield, this Court applied Tharp: “Tharp’s authority extends to cases (including the case before us today) in which a plaintiff alleges the defendant was negligent in creating or failing to repair a dangerous condition, and the defendant alleges the dangerous condition was open and obvious.” Mayfield, 903 So.2d at 737.
¶ 18. The Mayfield Court held that, while no hidden dangers existed and The Hairbender had -no duty to warn, “[t]o the extent Mayfield’s case is based upon an allegation that The Hairbender failed to maintain its premises in a reasonably safe condition by its negligent failure to repair the raised asphalt, the fact that the hazard was ‘open and obvious’ does not serve as a complete bar to recovery.” Id. at 739. The Court continued that landowners cannot avoid liability for failure tp repair a dangerous condition merely by pointing out that the dangerous condition was open and-obvious: “Following this logic, brown motor oil spilled on a store’s white floor would be an open and obvious danger. Therefore, the store could have no liability for failing to clean up the motor oil since its presence on the white floor would be ‘open and obvious.’ ” Id. at 738.
¶ 19. The Court found that, because the question of whether a landowner was negligent for failure to correct an allegedly dangerous condition is one for the jury to *309 decide, a genuine issue of material fact existed “as to whether' The Hairbender negligently failed to maintain its premises in a reasonably safe condition.” Id, at 739. “In the event Mayfield convinces the jury that the raised asphalt constituted a dangerous condition which The Hairbender failed to repair, the jury may find The Hairbender liable.” Id, The Court observed, however, that the jury should, as in any case of comparative negligence, compare The Hairbender’s negligence to any negligence attributable to Mayfield and reduce her award accordingly. Id.
¶20. Here, Vivians alleged in his complaint that “[t]he Defendants were negligent, and/or failed to exercise reasonable care in maintaining its premises in a safe manner.” Baptist answered: “The Plaintiffs’ damages and/or injuries, if any exist, are the proximate result of the negligence of the Plaintiff and not a result of any acts or omissions of the Defendant.” Baptist is correct that common knowledge dictates that submerged pool steps are more slippery than dry steps and that caution is warranted on the part of patrons. But Baptist owed Vivians “[t]he duty to maintain its premises in a reasonably safe condition.” Mayfield, 903 So.2d at 739. And, as noted above, the slip and fall at issue in this case was one of many similar slip and fall occurrences on the steps of the Health-plex therapy pool. As in Mayfield, not only does a genuine issue of material fact exist with regard to whether the steps leading into the therapy pool constituted an unreasonably dangerous condition, but a genuine issue of material fact also exists with regard to whether Baptist negligently failed to repair the steps leading into the therapy pool. See id.
CONCLUSION
¶ 21. Viewing the facts in the light most favorable to Vivians, we find that genuine issues of material fact exist with regard to whether the therapy pool steps at the Healthplex constituted an unreasonably dangerous condition and Baptist was negligent in failing to maintain its premises in a reasonably safe condition. Accordingly, we reverse the judgment of the Mississippi Court of Appeals and the judgment of the Circuit Court of the First Judicial District of Hinds County. We remand this case to the Circuit Court of the First Judicial District of Hinds County for further proceedings consistent with this decision. •
¶ 22. REVERSED AND REMANDED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KING, BEAM AND CHAMBERLIN, JJ., CONCUR. DICKINSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING AND BEAM, JJ. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MAXWELL, J. MAXWELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COLEMAN, J.

. We refer to all defendants collectively as “Baptist.”