# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00393-COA

**NANCY G. LEFLER**                                                    APPELLANT

**v.**

**TOMMIE L. WASSON**                                                    APPELLEE

DATE OF JUDGMENT:            02/19/2019
TRIAL JUDGE:                HON. GEORGE M. MITCHELL JR.
COURT FROM WHICH APPEALED:  ATTALA COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    JASON EDWARD CAMPBELL
                            MICHAEL SALTAFORMAGGIO
                            BENJAMIN SETH THOMPSON
                            MACK AUSTIN REEVES
ATTORNEYS FOR APPELLEE:     WILLIAM M. DALEHITE JR.
                            ANNA MARIE LIVINGSTON
NATURE OF THE CASE:         CIVIL - PERSONAL INJURY
DISPOSITION:                AFFIRMED - 05/05/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     After renting a house from Tommie Wasson, Nancy Lefler slipped and fell on a brick path behind the house. She sued Wasson for negligence. Wasson denied she had any notice that the bricks on the path were dangerous and moved for summary judgment.

¶2.     The circuit court granted the request and dismissed the lawsuit. Because there was no genuine issue of material fact as to the existence of a hazardous condition, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3.     After a bidding war, Wasson purchased an historic house in Kosciusko. Lefler

entered into a lease agreement with her to rent the home. Prior to entering into the lease agreement, Wasson inspected the home and property. She discovered that one of the aging bricks on a path behind the house was missing—it had popped out and was beside the sidewalk. After this discovery, Wasson's son mortared the brick into place. Wasson never discussed the condition of the brick with Lefler before she moved into the rental home.

¶4.     Subsequent to the brick repair, Wasson, Lefler, and Lefler's husband inspected the home again. The Leflers signed the lease agreement that same day. They moved into the home a week later. After moving in, Lefler walked up and down the brick steps in the backyard about five times. She never had any problem going up or down the steps.

¶5.     A few days after moving in, Lefler was leaving the rental home by the backyard path. She tripped and fell over a brick on the stairs. Lefler went to the hospital, where she was diagnosed with a broken ankle. The fall happened just fourteen days after Wasson purchased the home.

¶6.     Lefler subsequently filed a lawsuit against Wasson for negligence, claiming that she failed to keep the premises in a reasonably safe condition, which resulted in her slip and fall. The parties conducted discovery, and depositions were taken for Lefler, Wasson, and Wasson's son. Afterward, Wasson sought summary judgment, arguing that the rented property was maintained in a reasonable manner and that she did not have notice or reason to have notice that the brick could loosen from the stairs. The trial court granted summary judgment, and Lefler appealed.

**STANDARD OF REVIEW**

¶7. "We review the grant or denial of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the party against whom the motion has been made." *Karpinksy v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013) (internal quotation mark omitted). "A grant of summary judgment will be upheld only when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact" and "the moving party is entitled to judgment as a matter of law." *Forbes v. Gen. Motors Corp.*, 993 So. 2d 822, 824 (¶7) (Miss. 2008). However, "summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Karpinsky*, 109 So. 3d at 89 (¶11) (internal quotation marks omitted).

## DISCUSSION

¶8. At oral argument, the parties agreed that Lefler was an invitee on Wasson's business premises. Mississippi law provides that "[t]he owner or operator of business premises owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition . . . ." *Jerry Lee's Grocery Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988). Furthermore, "[a] landlord owes an invitee the duty to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not in plain and open view." *Mayfield v. The Hairbender*, 903 So. 2d 733, 737-38 (¶20) (Miss. 2005) (footnote and internal quotation marks omitted). This duty requires the business owner to take certain steps to protect its customers from "dangerous conditions" on the premises of

which the business is or should be aware. *Thompson*, 528 So. 2d at 295.

¶9.     While the duty requires protecting customers from dangerous conditions, it is not unlimited in scope. "Mississippi has long recognized that normally encountered dangers such as curves, sidewalks, and steps are not hazardous conditions." *Jones v. Wal-Mart Stores E. LP*, 187 So. 3d 1100, 1104 (¶14) (Miss. Ct. App. 2016) (citation omitted). "Often such pathways contain cracks and changes in elevation; and, as such, they do not become hazardous conditions simply because they contain minor imperfections or defects." *Id*. We have also held that "no . . . property owner can be expected to maintain its sidewalks in a perfectly level condition, and where the defect consists of some slight variation between two adjoining paving blocks, no liability is imposed." *Bond v. City of Long Beach*, 908 So. 2d 879, 881-82 (¶7) (Miss. Ct. App. 2005).

¶10.    The brick stairs and path in this case fall within the "normally encountered dangers" that do not give rise to liability. To escape this general standard, Lefler argues that Wasson did not maintain the premises in a reasonably safe condition and that she knew or should have known the brick path was dangerous because her son came and replaced a brick that had been dislodged. Yet Lefler has not created a genuine issue of material fact just because *one* brick was loose and needed to be mortared back into place. This does not lead to the inference that *all* the bricks on the path would potentially be loose. Ultimately, the brick was still in full view and had been safely traversed by Lefler approximately five times prior to the accident. As we concluded in *Jones*, because "the crack at issue in this case was not concealed," these are conditions "normally encountered by business invitees" that do not

4

warrant the imposition of liability. *Jones*, 187 So. 3d at 1105 (¶17) (internal quotation marks omitted).

¶11.    During oral argument, counsel for Lefler argued strongly that reversal of summary judgment was required due to the case of *Vivians v. Baptist Healthplex*, 234 So. 3d 304 (Miss. 2017).  There, the Supreme Court reversed a grant of summary judgment in favor of a premises owner because there was proof in the record that there had been five other slip-and-falls on the very same steps of a therapy pool.  *Id*. at 306-07, 309 (¶¶10, 21).  The Court concluded that the plaintiff "adduced ample evidence that his slip and fall on the Healthplex therapy pool steps was substantially similar to the subsequent slip and fall occurrences, and . . . a genuine issue of material fact exists with regard to the existence of a dangerous condition." *Id*. at 307 (¶12).

¶12.    Unlike *Vivians*, here, there were *no* prior or subsequent slip-and-falls known to Wasson.  She had only owned the premises for fourteen days before the incident when Lefler fell.  The only prior information known to the property owner was that one brick loosened and that she immediately had it repaired.  The sidewalk and stairs remain within the general premise such that they are not hazardous conditions.  There is nothing in this record that requires reversal.

¶13.    **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.  J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**