New Orleans, Mobile and Chicago R. R. Co. *v.*
Ann Cole.

[57 South. 556.]

1. RAILROADS. *Negligence. Injuries to persons on track. Burden of proof. Code of 1906, section 1985. Constitution United States, Fourteenth Amendment. Review.* •

Negligence is the failure to observe, for the protection of the interest of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury.

2. CODE OF 1906, SECTION 1985. *Injuries to persons. Burden of proof.*

Under Code of 1906, section 1985, so providing in all actions against railroad companies for injury to persons or property, proof of injury inflicted by the running of locomotives or cars shall be *prima facie* evidence of a lack of reasonable skill on the part of the servants of the company, proof of an injury raises a presumption of negligence, casting the burden of proof on the railroad company. In such case proof that the equipment of a train was proper and that the servants of the company kept a vigilant lookout, is in the absence of any evidence as to the situation of the person injured, not sufficient.

**3.** Code of 1906, Section 1985. *Constitution of United States, Fourteenth Amendment.*

Section 1985 of the Code of 1906 is not in conflict with the fourteenth amendment to the federal constitution, in that it does not deprive a railroad company of the equal protection of the laws and of its property without due process of law.

**4.** Appeal and Error. *Instructions. Harmless error.*

Where a party to a suit obtains a judgment he cannot complain that the court refused to give him a peremptory instruction, for the jury have done what the party requested the court to peremptorily charge them to do.

**5.** Appeal and Error. *Review. Harmless error.*

A party cannot complain of an erroneous instruction where instructions were given at his request embodying the same principle.

Appeal from the circuit court of Newton county.

Hon. C. L. Dobbs, Judge.

Suit by Ann Cole et al. against the New Orleans, Mobile & Chicago Railroad Company. From a judgment for plaintiffs, defendant appeals and plaintiff prosecutes a cross-appeal.

The facts are fully stated in the opinion of the court.

*Flowers, Alexander & Whitfield* for appellant.

*J. D. Jones, R. N. & H. B. Miller* for appellees.

No brief of counsel on either side found in the record.

Smith, J., delivered the opinion of the court.

Joe Cole having been struck and killed, as it is alleged, by one of appellant's trains, this suit was instituted by his widow and daughter to recover damages therefor. Neither side being satisfied with the verdict and judgment for one thousand dollars, rendered against appellant in the court below, each filed a motion for a new trial, both of which were overruled, and the case comes to us on direct appeal by appellant and on cross-appeal by appellees.

The evidence introduced in behalf of appellees was to the effect that on the night of the accident, between 8 and 9 o'clock, Cole was seen walking down the track a short distance ahead of one of appellant's trains, and that just after it had passed him he was found lying near the track with both feet, which had been cut off, lying between the rails, as was also a sack of watermelons which he had with him at the time. The evidence introduced in behalf of appellant was to the effect that Cole was under the effect of intoxicating liquor at the time of the accident; that the train was running slowly, and was carefully handled; that the bell was ringing, and that the whistle had been blown several times for a railroad crossing just a few moments before the accident occurred; that the engine was equipped with an electric headlight, then burning brightly; that the engineer and fireman were each keeping a proper lookout; and that neither of them saw Cole on the track. Other witnesses also testified that they were watching the train as it passed, and that no one was on the track at the place where the accident occurred just before or at the time the engine passed it; that the pilot of the engine was of standard form, and was elevated only four inches above the track; and that there were no bruises on Cole's body, his only injury being the amputation of his feet. From these two last facts it is argued that Cole was not struck by the pilot of the engine, and, consequently, could not have been on the track in front of the train, but fell under the wheels of the cars thereof after the engine had passed. There was also evidence for appellees in contradiction of appellant's evidence relative to the blowing of the whistle and the ringing of the bell.

Appellant complains of the action of the court below in refusing to grant it a peremptory instruction, on the theory that, although the evidence does not show how the accident in fact occurred, it does show that appel-

lant's train was properly equipped that its servants were guilty of no negligence in handling it, and that, consequently, the accident, however it occurred, was not caused by any default on the part of appellant or its servants. In *Railroad Company* v. *Brooks,* 85 Miss. 275, 38 So. 40, this court laid down the rule governing cases of this character in plain and unmistakable language; this language being as follows: "There is yet another principle of law, well settled in this state, which required the submission of the case to the jury. It was shown beyond peradventure that the injury was inflicted by the running of the train. This was *prima facie* proof of negligence, authorizing a recovery by plaintiff. To overcome this statutory presumption, it devolved upon the appellant to exculpate itself by establishing to the satisfaction of the jury such circumstances of excuse as would relieve it from liability. But this statutory presumption cannot be overthrown by conjecture. The circumstances of the accident must be clearly shown, and the facts so proven must exonerate the company from blame. If the facts be not proven, and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability, and the presumption controls." Since this language has several times been quoted with approval by this court (*Yazoo Railroad Co.* v. *Landrum,* 89 Miss. 399, 42 So. 675; *Easley* v. *Railroad Co.,* 96 Miss. 399, 50 So. 491; *Railroad Co.* v. *Hunnicutt,* 53 So. 617; *Fuller* v. *Railroad Co.,* 56 So. 783), it would seem that argument relative thereto should now be closed; but, out of deference to counsel, we have again taken the matter up for consideration.

Negligence, as defined by Judge Cooley, is "the failure to observe, for the protection of the interest of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury." 29 Cyc. p. 415. Under section 1985 of the Code, when proof is made of in-

jury inflicted by the running of locomotive or cars of a railroad company, the presumption arises that such company had failed to observe for the protection of the interest of the person injured that degree of care, precaution, and vigilance which the circumstances justly demanded; and it then devolves upon such company to exculpate itself by establishing to the satisfaction of the jury that it did not fail to observe that degree of care, precaution, and vigilance which the circumstances justly demanded. Unless the circumstances surrounding the parties at the time of the infliction of the injury be known, it cannot be ascertained what degree of care, precaution, and vigilance, if any, was due from the company to the party injured; consequently, it cannot be determined whether the company failed to observe the necessary degree of care, precaution, and vigilance. We may know exactly what the situation of the servants of the company was at the time of the infliction of the injury, and exactly what they did; but, unless we also know what the situation of the party injured was, and what he was doing, at the time, we cannot know the degree of care, precaution, and vigilance, if any, which the company, or its servants, owed to him, and consequently cannot know whether or not they neglected to observe such degree of care, precaution, and vigilance.

In suits to recover damages for an injury alleged to have been inflicted by reason of the negligence of a defendant, except in cases where a presumption of negligence arises from the proof of certain facts, the plaintiff must show the circumstances attending the infliction of the injury, so that it may be known what degree of care, precaution, and vigilance, if any, the defendant owed to the plaintiff, and whether or not this degree of care, precaution, and vigilance was observed by the defendant. In other words, that it may appear whether or not the injury was inflicted by reason of the defendant's negligence. Under section 1985 of the Code the

plaintiff is relieved of this burden in certain cases, and under it, in all actions against a railroad company for damage done to persons or property, when proof is made of injury inflicted by the running of a defendant's locomotive or cars, the presumption arises that such company, or its servants, failed to exercise that degree of care, precaution, and vigilance which, under the circumstances, the company owed to the party injured, and, in order to overthrow this presumption, the company (defendant) must then do what the plaintiff must have done in the absence of the statute; that is, show the circumstances attending the infliction of the injury, so that it may appear what degree of care, precaution, and vigilance, if any, was due from the company to the plaintiff, and whether or not this degree of care, precaution, and vigilance was by the company, or its servants, observed—in other words, whether or not the injury was, in fact, inflicted by reason of defendant's negligence. *Railroad Co.* v. *Brooks, supra,* simply announces in clear and concise language the rule which had been foreshadowed, if not definitely announced, in *Railroad Company* v. *Phillips,* 64 Miss. 704, 2 So. 537.

Appellant contends that, if the rule which we have herein reanounced and approved is sound, then *Railroad Co.* v. *Hunnicutt,* 53 So. 617, was improperly decided. In this appellant is in error. The Hunnicutt case followed and approved the Brooks case, *supra,* and the only new feature therein contained is the announcement that it is not necessary to prove how the injury occurred by eyewitnesses, but that this proof may be made by circumstantial evidence.

Appellant further contends that, if section 1985 of the Code is to be construed as we have herein construed it, then it is in conflict with the fourteenth amendment to the federal constitution, in that it deprives a railroad company of the equal protection of the laws and of its property without due process of law. This contention has been disposed of by the opinion of the Supreme

Court of the United States in the case of *M., J. & K. C. R. R. Co.* v. *Turnipseed*, 219 U. S. 36, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, in which the court upheld the constitutionality of the statute with the construction put upon it by this court in the Brooks Case before it.   The court below, therefore, committed no error in refusing to grant appellant the instruction requested.

Appellant also complains of several instructions granted by the court at the request of the appellees, which, in effect, charged the jury to find for the plaintiff, unless it was clearly shown by a preponderance of the evidence, and not by mere surmise and conjecture, not only how the injury occurred, but that it was unavoidable by the exercise of reasonable care and prudence on the part of the defendant. What we have heretofore said disposes of this complaint of appellant, and shows that the court below committed no error in granting the instructions.

Appellees complain because the court below refused them a peremptory instruction, and claim that for that reason they are entitled to a reversal of the judgment of the court below.  Since the verdict of the jury was in favor of appellees, it is immaterial whether or not the court erred in refusing to grant this instruction, for the jury have simply done what appellees requested the court to peremptorily charge them to do.

Appellees also complain that in several instructions granted appellant the jury were charged that if Cole's own negligence contributed to his injury they should find for appellant, which instructions they say may have accounted for the small verdict rendered.  Conceding this action of the court to be error, it cannot be complained of by appellees; for this same principle was embodied in several instructions to the jury granted at their request.

The judgment of the court below is therefore affirmed.                                                    *Affirmed.*