FRANK JEFFERSON *et al. v.* SOUTHERN RAILWAY IN
MISSISSIPPI.

[62 South. 643.]

RAILROADS. *Injury to person by train. Negligence. Evidence to over-
come presumption. Code 1906, section 1985.*

The presumption of negligence arising under Code 1906, section
1985, from proof of the killing of a person by a running train,
held not to have been overcome by the facts as shown in the
opinion of the court.

APPEAL from the circuit court of Sunflower county.
HON. J. M. CASHIN, Judge.

Suit by Frank Jefferson and another against the South-
ern Railway in Mississippi. From a judgment for de-
fendant, plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*Chapman & Williams* and *Whitfield, McNeil & Whit-
field,* attorneys for appellant.

*Catchings & Catchings,* attorneys for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellants instituted this suit in the court below to
recover of appellee damages for the death of Anna Jef-
ferson, the wife of one and the mother of the other of
appellants, who they allege was struck and killed by one
of appellee's trains. At the close of the evidence the
jury, at the request of appellee, was instructed to find for
it, and there was a verdict and judgment accordingly.

Appellants rested their case, after making out a *prima
facie* case of negligence under the statute, by showing
that Anna was found dead early one morning between the
rails of appellee's railroad, at a curve in the track, with
a wound in her head and one of her feet cut off. To

meet this *prima facie* case, appellee introduced evidence showing that three of its trains passed over the track at the place where, and on the morning that, Anna was killed; that she was probably struck by the one of which a man by the name of Murff was the engineer. Murff was then introduced, and testified that his train passed the place where Anna was killed between 4:45 and five o'clock a. m.; that he was on the lookout and did not see her, and was not aware that she had been struck until some hours thereafter. He was then asked and answered the following questions: "Q. And this engine was equipped with an oil light? A. Yes, sir. Q. Going east on that curve, is it, or not, possible to see an object from the headlight that is about half way in the curve? A. Yes, sir; it would be impossible for the man to see the object on the lefthand side of the engine laying in the curve. Q. Well, would it be impossible on the other side? A. Yes, sir. Q. How close would you have to get up to an object before you could see from the headlight? A. You would be right on top of it, in twenty-five or fifty yards anyway. Q. State to the jury whether or not on that occasion you saw any object on the track, a body or anything else, between Heathman and Indianola? A. No, sir; I didn't see that. Q. Were you, or not, on the lookout? A. I am always looking out; yes, sir." The fireman did not testify.

It is somewhat difficult to determine whether Murff intended to convey the idea that he could not have seen an object lying in the curve on the track at the place where Anna was killed at all, or that he could not have seen such an object for more than twenty-five or fifty yards before reaching it. In either event, however, the presumption of negligence arising under the statute (section 1985 of the Code) was not met, as explained in *Railroad Co.* v. *Cole*, 57 South. 556, and the peremptory instruction requested by appellee should not have been granted. Moreover, if he intended to say that he was

on the lookout, and could have seen an object from twenty-five to fifty yards before reaching the place where Anna was killed, and did not see her, it may be that his was not the engine which struck and killed her.

*Reversed and remanded.*