MOBILE & O. R. CO. *v.* ROBINSON *et al.*

[96 South, 749. No. 22996.]

Division A. June 25, 1923.)

1. RAILROADS. *Lookout for trespasser not required.*

The servants of a railroad company in charge of its trains are under no duty to keep a lookout for trespassers on the railroad track, and are required only to exercise reasonable care to prevent injuring such a trespasser after they have discovered and realized his peril.

2. RAILROADS. *Statutory presumption of negligence as to trespasser held overcome.*

In an action against a railroad company for damages for the death of a person alleged to have been struck and killed by one of its locomotives, where the testimony for the plaintiff discloses only that the decedent, while trespassing on the railroad track, was struck and killed by one of the defendant's locomotives, thereby making out a *prima-facie* case of negligence under section 1985, Code of 1906 (Hemingway's Code, Section 1645), and the engineers of each of the defendant's locomotives which could have struck the decedent testify that they did not see the decedent at the time he was struck, and did not know that he had been

struck until told thereof some time thereafter, it is error to charge the jury, at the request of the plaintiff, "that if they believe from a preponderance of the evidence that the deceased, W. R. Robinson, was injured and killed by the operation of a train of defendant, they will find their verdict for plaintiff."

APPEAL from circuit court of Lee county.

HON. C. P. LONG, Judge.

Suit by Mrs. Samantha Robinson and others against the Mobile & Ohio Railroad Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

*Carl Fox* and *J. M. Boone,* for appellant.

The record establishes without any conflict in the evidence, that at the time he was killed Robinson was a trespasser on the track, whose presence in the place of danger was unknown to any agent or servant of the defendant, and therefore that defendant did not owe him any duty, and, there being no duty, there could not have been a breach of duty nor any liability. The court below erred in its construction of the *prima-facie* statute, or rather in its construction of the decisions of this court construing that statute.

From the beginning, in an unbroken line of decisions down to the Ash case, 91 So. 31, this court has held that no duty ever exists or can exist on the part of the railroad company toward a trespasser if the company never learns or knows anything about his presence in the place of danger until after he is injured or killed. There is but one exception to this rule; that is, in municipalities where to the knowledge of the railroad company people are usually or frequently on its track, the company is bound to be on the lookout. In *Yazoo & M. V. R. Co.* v. *Smith,* 71 So. 752, 111 Miss. 471, the court said:

"As a general rule, a railroad company is entitled to a clear track, owes no obligation to keep a lookout for trespassers, and is required only to refrain from injuring

trespassers after their position of peril is discovered."
See also *Yazoo & M. V. R. Co.* v. *Huff,* 71 So. 757, 111
Miss. 486; *New Orleans, M. & C. R. Co.* v. *Harrison,* 61
So. 655, 105 Miss. 18, 20.

Possibly counsel for plaintiffs will undertake to apply
the rule laid down in the *Hawkins case,* 82 Miss. 209, and
the *Harrison case,* 105 Miss. 18, 61 So. 655, in which the
engineers testified that they were looking ahead of their
trains, and in the first case, did not see the men and dogs
on the track, and in the latter case did not see the de-
ceased until within seventy-five yards of him, and it was
held that under the circumstances, there being no reason
why the engineer did not see if they were on the lookout,
the juries were justified in finding that they did see.

The record in the case at bar is wholly lacking in any
element of self-contradiction in the testimony of any of
the engineers, firemen, and other employees on any of de-
fendant's trains. They did not say, merely, that they
were unable to recall whether they saw Robinson or any
person who might have been him, but they stated affirma-
tively that they did see him. No defense could possibly
be more complete and adequate than that the defendant
owed no duty and was under no obligation to the tres-
passer. Without a duty or obligation to a person there
cannot be any negligence toward him nor breach of duty
nor liability. *Drake* v. *Y. & M. V. Railroad,* 29 So. 788,
79 Miss. 84, 105; *A. & V. R. Co.* v. *Thornhill,* 106 Miss.
287, 63 So. 674; *Railroad Co.* v. *Harrison,* 61 So. 655;
*Alabama Great Southern Railway Co.* v. *Daniell,* 66 So.
730, 108 Miss. 358, 374.

The defendant was entitled to have submitted to the
jury on the evidence the question of breach or non-breach
of duty toward deceased. Defendant was entitled to have
its evidence that its trains were properly equipped and
operated, and that it was guilty of no negligence, sub-
mitted to the jury. This evidence was withheld from the
consideration of the jury. It was the jury's province and

not the court's to weigh the evidence and determine whether or not the company had met the burden of the presumption. We think this has been clearly held by this court in several recent cases. *Davis* v. *Elzey*, 88 So. (Miss.) 630; *A. & V. R. Co.* v. *Thornhill*, 106 Miss. 387; *Hines, Director General, etc.* v. *McCullers*, 83 So. 734, 738, 121 Miss. 666. By instruction No. 1 granted the plaintiffs, the jury were required to find a verdict for the plaintiffs upon the finding of the single fact that Robinson was killed by a train. Necessarily, the jury disregarded the defendants evidence that it had not breached any duty to deceased, and had not been guilty of any negligence in any respect.

*Geo. T. Mitchell* and *C. R. Bolton,* for appellees.

The Smith, Ruff, Ash, and Harrison cases cited by appellant, announce the proposition that a railroad company owes no duty to keep a lookout for a trespasser—a proposition that is not vital to this case. In all of those cases, the full facts were shown and the injured parties were admitted trespassers at the time of the accident was known and shown on the trial and the *prima-facie* statute had given way to proven facts. How different is the record in this case. The last positive account of Robinson while alive was at Pulltite church, something near midway between Saltillo and Guntown and away from the railroad. The next established fact is that his body was found about twelve hours later on the track of appellant five to seven miles from Pulltite, with severe wounds which the jury found were inflicted by a running train, thereby bringing into operation the *prima-facie* statute. The *Brooks case,* 38 So. 41, has stood the test of time, and makes the following clear announcement of the burden imposed upon a railroad company by the operation of the *prima-facie* statute: "It was shown beyond peradventure that the injury was inflicted by the running of

the train. This was *prima-facie* proof of negligence, authorizing a recovery by plaintiff. To overcome this statutory presumption, it devolved upon the appellant to exculpate itself by establishing to the satisfaction of the jury such circumstances of excuse as would relieve it from liability. But this statutory presumption cannot be overthrown by conjecture. The circumstances of the accident must be clearly shown and the facts so proven, must exonerate the company from blame. If the facts be not proven, and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability and the presumption controls." *N. O. M. & C. R. Co.* v. *Cole,* 57 So. 556.

A later case bearing directly on the question here is *I. C. R. Co.* v. *Gray,* 79 So. 812, where deceased who was found injured alongside the railroad track, was last seen in an intoxicated or doped condition walking down the track. The railroad company placed on the witness stand all the train men in charge of the trains passing this point from the time deceased was last seen alive until he was discovered. "None of them knew anything about the infliction of the injury; that is to say, there is no witness who claims to have seen the injury, or to have known which particular train of defendant inflicted the injury." The court considered this case *en banc* and in passing on the evidence said: "The circumstances surrounding the deceased and the train which struck him at the time of the injury are not disclosed by the record, and the case is governed by section 1985, Code of 1906."

By what system of logic can it be said that Robinson was a trespasser when he was last seen five to seven miles away and nowhere near the railroad? The presumption of law is against any man being a trespasser. Measured by the standard of the Brooks case, what circumstances of excuse has appellant established to exculpate itself and relieve itself from liability? Have the circumstances of the accident been clearly shown and do

the facts so proven exonerate the company from blame? How did he accident happen? Which train caused the injury? Appellant admits it might have been any one of four. Was deceased on the train or off of the train? If he was off of the train, was he struck by the front of the train or after the engine had passed? Were the engineers on the lookout or not? They will not say. Likewise they will not say how their trains were being operated. There are numbers of questions which might be asked that could only be answered in a vague way. The circumstances of the accident have not been clearly shown. The only way in which the statutory presumption can be held to have been overthrown is by conjecture.

SMITH, C. J., delivered the opinion of the court.

This is a suit by the widow and children of W. R. Robinson, deceased, to recover damages from the appellant for the death of Robinson, who is alleged to have been struck and killed by one of the appellant's engines or cars. At the close of the evidence the court below refused to direct a verdict for the appellant, but charged the jury:

"That if they believe from a preponderance of the evidence that the deceased, W. R. Robinson, was injured and killed by the operation of a train of defendant, they will find their verdict for plaintiff."

From a judgment in the plaintiff's favor the railroad company has appealed to this court.

According to the evidence for the appellees, Robinson was found dead on the railroad track at a place where he was necessarily a trespasser thereon, and the wounds on his body and some other circumstances unnecessary to be here set forth indicate that he was struck and killed by one of the appellant's locomotives. The engineers of each of the appellant's locomotives which passed the place at which Robinson was found, between the time he was last seen alive and when found, testified that they did

not remember whether they were looking ahead or not when they passed the place where Robinson was found, but that they did not see him, and did not know that he had been struck until told thereof a short time thereafter.

We have concluded that it will be best on this appeal not to decide whether or not on this evidence the appellant was entitled to a directed verdict, and therefore will express no opinion relative thereto. If the testimony of its engineers is true, the appellant is not responsible for Robinson's death; for, as he was a trespasser on its tracks, the only duty which the engineers owed him was to exercise reasonable care to prevent striking him after discovering he was on the track.

The instruction to the jury to find for the plaintiffs in event they believed from the evidence that Robinson was injured by the operation of one of the appellant's trains was probably given on the theory that the facts and circumstances surrounding the accident were not fully disclosed, and that consequently the presumption of negligence arising under section 1985, Code of 1906 (Hemingway's Code, section 1645), was not overturned. It is clear from the evidence that, if Robinson was injured by one of the appellant's trains, he was struck by an on-coming locomotive. Consequently he must have been on the track in front of it at the time. In so far as his movements are concerned, this is all that is necessary to be shown, in order to determine what duty the appellant's employees owed him. If it is true that the engineer of the locomotive which struck him did not see him on the track, and was not aware of his peril in time to avoid striking him by the exercise of reasonable care, that is all that is necessary to be known in order to determine whether or not he owed Robinson any duty, and whether or not he violated it. Any further details would be of no value in determining whether or not the engineer was guilty of negligence.

This is in accord with the rule on which *Railroad* v.

*Cole*, 101 Miss. 173, 57 So. 556, was decided. In that case the evidence negatived Cole's being struck by an approaching engine, and indicated that he probably fell under the cars of the train after the engine had passed, but did not indicate what he was doing at the time or what caused him to fall under the cars. Consequently "the attendant circumstances of the accident" remained doubtful, and the court held that because thereof the presumption of negligence arising under the statute was not overturned.

It follows from the foregoing that the judgment of the court below must be reversed, because of the error committed by it in granting the instruction to the appellee hereinbefore set out.

*Reversed and remanded.*

Anderson, J., took no part in the decision of this case.