MURRAY et al. v. LOUISVILLE & NASHVILLE R. Co.

(Division A. Jan. 15, 1934. Suggestion of Error Overruled Jan. 29, 1934.)

[151 So. 913. No. 30986.]

514

Bidwell Adam, of Gulfport, for appellants.

516

**Smith & Johnston,** of Mobile, Ala., for appellee.

Argued orally by **Bidwell Adam**, for appellant, and by **Harry H. Smith**, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is a suit by the father, mother, sisters, and brothers of Octave Murray, deceased, to recover damages from the appellee for the death of Murray, who is alleged to have been struck and killed by one of the appellee's trains. At the close of the evidence the court peremptorily instructed the jury to find for the railroad company, and from the verdict and judgment entered in pursuance thereof this appeal was prosecuted.

The body of the deceased was found strewn along the railroad track between Hiern avenue and Church street in the city of Pass Christian. Leovy avenue, which is between Hiern avenue and Church street, abuts on the

railroad right of way but does not cross the railroad tracks, and the main part of the mangled body was found near the point where Leovy avenue would have crossed the railroad tracks if extended; nearby his cap and shoes were found, showing no signs of damage by the train. Parts of the body, particles of flesh and clothing and some blood were found on and along the track from near Leovy avenue to and just across Church street.

The court below held, and we think correctly, that the evidence demonstrates beyond question that Murray was killed by one of appellee's westbound locomotives, between Hiern avenue and Church street, at a point where he was necessarily a trespasser. The engineer and fireman of each of appellee's locomotives which passed the place at which the body of Murray was found, between the time he was last seen alive and when found, testified that a strict lookout was kept at all crossings in the city of Pass Christian; that their attention might have been momentarily directed to the discharge of necessary duties on the locomotives at the point where the body was found, and that they did not see him and did not know that he had been struck until informed thereof the next morning.

If, as we have already said, the evidence demonstrates that the deceased was on the track at a point where he was a trespasser and that he was killed by one of appellee's locomotives, this, in so far as his movements were concerned, was all that was necessary to be shown in order to determine what duty the appellee's employees owed him, and that duty was to exercise reasonable care to prevent striking him after discovering he was on the track. The evidence is undisputed that the employees on the locomotive which struck him did not see him on the track and were not aware of his peril in time to avoid striking him by the exercise of reasonable care, and the court below committed no error in granting the peremptory instruction. The facts in this case are

very similar to those involved in the case of Mobile & Ohio R. Co. v. Robinson, 132 Miss. 841, 96 So. 749, which case is controlling here.

Affirmed.