ROBERTSON, Justice:
Mrs. Christine Glover has appealed from a $3500.00 judgment rendered in her favor and against Mrs. Charline S. Redditt in the Circuit Court of the Second Judicial District of Bolivar County.
Her principal assignment of error is that :
“The verdict of the jury is so low as to evince prejudice and bias on the part of the jury.”
Mrs. Glover had sued Mrs. Redditt for injuries sustained in an automobile collision between her car and that of Mrs. Redditt in Cleveland, Mississippi, on April 22, 1969.
Commerce Street is a paved north-south street, 59 feet wide divided into six lanes. The east and west lanes were parking lanes, leaving the four inner lanes for traffic. The two lanes immediately east of the center line of the street were for northbound traffic, and the two lanes west of and next to the center line were for southbound traffic. A Sears Store is situated about 40 feet from the east line of Commerce Street. A five foot sidewalk is in front of the west entrance to the Sears Store, and about 8 parking spaces perpendicular to Commerce Street occupy the remaining 35 feet.
Mrs. Redditt testified that she was parked in the second or third space from the north in front of Sears Store, that she looked both ways for traffic and, seeing none, began to back slowly out of the parking space across the east parking lane, and across the two north-bound traffic lanes, intending to travel south on Commerce Street. About the same time that Mrs. Redditt began to back her automobile, Mrs. Glover drove her automobile out of a private parking lot on the west side of Commerce Street, the north line of the exit from the parking lot being about opposite the south line of the Sears building. A paint store adjoined the north boundary of the exit. This store was set back about 25 feet from the west line of Commerce Street, so the south line of the paint store was about opposite the south line of the Sears building.
Mrs. Glover exited from the parking lot and turned north on Commerce Street, intending to drive home for lunch. As Mrs. Glover drove north and as Mrs. Redditt backed west, the right rear bumper of Mrs. Redditt’s car bumped into the right front of Mrs. Glover’s car. There was a large dent just in front of the right door of the Glover car, the chrome strip on the right door was peeled off toward the rear, the right door dented, and another dent in the right rear fender.
*659 The investigating policeman testified that collision debris was found about 1 foot east of the center line of the street, and about 43 feet north of the south line of the Sears building. Mrs. Glover testified that Mrs. Redditt’s car struck her car about three feet east of the center line of the street. Mrs. Glover worked the rest of the afternoon, even though her shoulders and neck were hurting her, and went to see Dr. Lindsey when she got off from work. He gave her a shot and a prescription for pain relieving pills and suggested that she come back the next day if she didn’t feel better. She returned the next day, April 23, 1969, and Dr. Lindsey hospitalized her for 17 days.
Mrs. Glover testified that while in the hospital “They gave me shots, pain relieving pills, muscle relaxants, and put me in traction.” She wore a medical collar for four months and then in October, 1969, she was hospitalized for three days in Jackson, Mississippi, while undergoing a myelogram taken by Dr. Walter Neill, neurosurgeon. Her hospital and doctors bills, traveling expenses, lost wages for 23 weeks, and damage to her automobile amounted to a total of $3,288.40. After a full trial, the jury returned a verdict for Mrs. Glover for $3500.00.
The appellant briefed and argued these three assignments of error:
I. THE VERDICT OF THE JURY IS SO LOW AS TO EVINCE BIAS AND PREJUDICE ON THE PART OF THE JURY
II. THE LEARNED LOWER COURT ERRED IN ADMITTING THE ALLEGED STATEMENT
III. THE LOWER COURT ERRED IN NOT DIRECTING A VERDICT FOR THE PLAINTIFF BECAUSE ALL THE EVIDENCE CLEARLY SHOWED THE ACCIDENT OCCURRED IN THE PLAINTIFF’S PROPER LANE OF TRAVEL, AND HENCE, THE DEFENDANT WAS NEGLIGENT AS A MATTER OF LAW
Among the instructions requested by and granted to appellant was the following contributory negligence instruction:
“The Court instructs the jury for the Plaintiff, Mrs. Christine Glover, that even if the jury should find that Mrs. Glover was guilty of contributory negligence, that is, that she was guilty of negligence that contributed to the accident, this would not bar or prevent her from getting an award of money in this case, because contributory negligence is no bar to recovery under the law of the State of Mississippi. It would authorize the jury to diminish the award in proportion to her negligence, however.”
This instruction, of course, was based upon Sections 1454 and 1455, Mississippi Code of 1942 Annotated, which have remained unchanged since 1920:
“§ 1454. Contributory negligence no bar to recovery of damages — jury may diminish damages.
“In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.”
“§ 1455. Negligence — questions for jury.
“All questions of negligence and contributory negligence shall be for the jury to determine.”
The appellant is in no position to criticize the jury because they did what appel *660 lant’s instruction said they could do, that is, “diminish the award in proportion to her negligence.” The jury did bring in a verdict in her favor for all of her out-of-pocket expenses, including 23 weeks of lost wages.
This was a typical automobile collision case. The evidence was conflicting and the case was properly submitted to the jury to decide. Even if appellant were correct in her contention that she should have been granted a peremptory instruction as to liability, the question is now moot because the jury did bring in a verdict in her favor. This Court answered this contention in 1911 when it said, in New Orleans, Mobile and Chicago R. R. Co. v. Cole, 101 Miss. 173, 57 So. 556:
“Appellees complain because the court below refused them a peremptory instruction, and claim that for that reason they are entitled to a reversal of the judgment of the court below. Since the verdict of the jury was in favor of ap-pellees, it is immaterial whether or not the court erred in refusing to grant this instruction, for the jury have simply done what appellees requested the court to peremptorily charge them to do.” 101 Miss. at 179, 57 So. at 559.
Appellant contends that the trial court erred in admitting a written statement dated April 24, 1969, when only her signature on each page of the statement had been authenticated and not the body of the statement. It was stipulated that the statement was not written by the appellant but was written by an investigator for Mrs. Redditt.
The statement was offered by the appel-lee to impeach the testimony of the appellant that there was no connection between the injuries sustained by appellant in a 1965 automobile accident and the injuries suffered by appellant in the April 22, 1969, accident.
When the five page statement was offered, appellant denied signing her name at the bottom of each page. The trial judge sustained the objection of the appellant to pages 1 and 2 of the statement, but did allow pages 3, 4, and 5 to be introduced as an exhibit and read to the jury. The trial judge did allow the jury to compare four genuine signatures of the appellant with the signature at the bottom of pages 3, 4 and 5.
The only portion of the statement that was in anywise objected to, was the following :
“I had an accident April 1, 1965, in Cleveland, Mississippi. I was injured in that accident as I hurt my back and neck. Doctor Lindsey treated me for my injuries at that time. I was not hospitalized. I had a slipped disc in my neck and back from that accident. In the accident of April 22, 1969, I reinjured my neck and back. I am being treated by Doctor Lindsey for these injuries. I went to Doctor Lindsey about six o’clock p. m. on April 22, 1969, and back to the clinic on April 23, 1969, and saw Doctor Austin, and he x-rayed me. He sent me on to the hospital at that time. At times I have trouble with my back from the other accident. I had trouble mostly when I did a lot of standing on my feet.”
Mrs. Glover testified that she did not remember giving this statement or signing it. She testified that she entered the hospital on April 23, 1969, and was heavily sedated with pain-killing drugs on April 24, 1969, when the statement was supposedly given.
Dr. Lindsey testified that she was in pretty severe pain while in the hospital, and had to take quite a bit of pain-killing drugs, and that:
“[A] good deal of it was strong enough to be in the narcotic classification;
Dr. Lindsey was asked on direct examination about the 1965 accident:
“Q She had an accident in 1965. Could that, in your opinion, have had any bearing on these injuries ?
*661 “A No, she had recovered from that.”
We feel that with this uncontradicted evidence from both the appellant and her doctor that she was in the hospital and under heavy sedation on April 24, 1969, the date of the statement, and with her positive statement and that of her doctor that she had recovered from the 1965 accident, that even though the court might have been in error in admitting three pages of the statement without authentication of the body of the statement, that the jury paid no attention to the statement, and that its admission, not as a substantive statement but purely and simply for impeachment purposes, was harmless error.
Even though the questioned document was not admitted in evidence in Anderson v. Sills, 242 Miss. 238, 134 So.2d 482 (1961), this Court did throw some light on the use of prior inconsistent statements for purposes of impeachment. In Anderson, we said:
“This document, not admitted in evidence, was not substantive evidence itself. It was restricted to cross-examination for purposes of impeachment. 58 Am.Jur., Witnesses, Secs. 798, 801, 803, 804, 767. A witness may be interrogated on cross-examination as to whether he made certain statements inconsistent with or contradictory to his testimony in chief. No formal foundation for impeachment is necessary, if such a question tends directly to impeach the witness if answered in the affirmative. The mode and extent of cross-examination of a witness as to his statements on a former occasion rests in the sound discretion of the trial court. Reasonable scope and latitude should be allowed. For example, in testing the credibility of a witness by inquiring as to previous inconsistent written statements, the writings themselves need not be produced, although the cross-examiner may frame his questions from them; nor need the writings be introduced in evidence. The written instrument may be used for the purpose of framing a question to test the witness’ credibility. It was competent for defendant’s counsel, as here, to repeat the statement in the writing and to inquire of the witness if he made it. 98 C.J.S. Witnesses §§ 596, 597.” 242 Miss. at 245, 134 So.2d at 484.
Rule 11 of this Court also applies:
“No judgment shall be reversed on the ground of misdirection to the jury, or the improper admission or exclusion of evidence, or for error as to the matter of pleading or procedure, unless it shall affirmatively appear, from the whole record, that such judgment has resulted in a miscarriage of justice.” (Emphasis added.)
We can not say that it affirmatively appears from the whole record that the judgment in this case has resulted in a miscarriage of justice.
The judgment of the trial court is, therefore, affirmed.
Affirmed.
RODGERS, P. J., and JONES, PATTERSON, and INZER, JJ., concur.