Matthew **HUGHRY**, Plaintiff-Appellant,

v.

The **ILLINOIS CENTRAL GULF RAILROAD COMPANY**, Defendant-Appellee.

No. 73–3259

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1974.

Rehearing Denied March 25, 1974.

---

* W. C. Stuart, District Judge, Southern District of Iowa, sitting by designation.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

# 1038

instructed that plaintiff was a trespasser, we find no error. The evidence was "strongly and overwhelmingly" that plaintiff was a trespasser and there was no conflict in the substantial evidence to create a jury question on the trespasser issue. Boeing Co. v. Shipman, 5 Cir., 1969, 411 F.2d 365, 374. On the trespasser question as presented, see Dickerson v. Illinois Central Railroad Company, 1962, 244 Miss. 733, 145 So.2d 913; Murray v. Louisville & Nashville R. Co., 1934, 168 Miss. 513, 151 So. 913.

■ The real contention is that the damages awarded were inadequate as a result of being reduced by the jury, pursuant to a comparative negligence instruction. Plaintiff did not except to the instruction, and there was an evidentiary basis for applying the doctrine with a resultant reduction in damages.

Affirmed.

---

Roland C. Lewis, Stephen L. Beach, Jackson, Miss., for plaintiff-appellant.

Jerome B. Steen, William M. Dalehite, Jr., Jackson, Miss., for defendant-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Plaintiff recovered damages from defendant railroad company arising out of his having been injured by a train in a switching yard. Being dissatisfied with the amount of the award, he claims error in two particulars and seeks a new trial.

■ As to the first claim of error, it is not altogether clear that the court instructed the jury that plaintiff was a trespasser in that the instructions to this effect were immediately followed by another instruction that left the issue to the jury. Even assuming the jury was

