489 F.2d 1037
 Matthew HUGHRY, Plaintiff-Appellant,
v.
The ILLINOIS CENTRAL GULF RAILROAD ROAD COMPANY, Defendant-Appellee.
No. 73-3259 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431
F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 25, 1974, Rehearing Denied March 25, 1974.
 
 Roland C. Lewis, Stephen L. Beach, Jackson, Miss., for plaintiff-appellant
 Jerome B. Steen, William M. Dalehite, Jr., Jackson, Miss., for defendant-appellee.
 Before BELL, SIMPSON and MORGAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff recovered damages from defendant railroad company arising out of his having been injured by a train in a switching yard. Being dissatisfied with the amount of the award, he claims error in two particulars and seeks a new trial.
 
 
 2
 As to the first claim of error, it is not altogether clear that the court instructed the jury that plaintiff was a trespasser in that the instructions to this effect were immediately followed by another instruction that left the issue to the jury. Even assuming the jury was instructed that plaintiff was a trespasser, we find no error. The evidence was 'strongly and overwhelmingly' that plaintiff was a trespasser and there was no conflict in the substantial evidence to create a jury question on the trespasser issue. Boeing Co. v. Shipman, 5 Cir., 1969, 411 F.2d 365, 374. On the trespasser question as presented, see Dickerson v. Illinois Central Railroad Company, 1962, 244 Miss. 733, 145 So.2d 913; Murray v. Louisville & Nashville R. Co., 1934, 168 Miss. 513, 151 So. 913.
 
 
 3
 The real contention is that the damages awarded were inadequate as a result of being reduced by the jury, pursuant to a comparative negligence instruction. Plaintiff did not except to the instruction, and there was an evidentiary basis for applying the doctrine with a resultant reduction in damages.
 
 
 4
 Affirmed.