555 So.2d 1014 (1990)
Jack HASSON, Mrs. Hilda Hasson and Kevin Hasson
v.
Lonnie Lee HALE.
No. 07-58278.
Supreme Court of Mississippi.
January 10, 1990.
*1015 Maurice Dantin, Forest M. Dantin, Dantin & Dantin, Columbia, for appellants.
Vicki R. Leggett, Zachary & Zachary, Hattiesburg, for appellee.
En Banc.
HAWKINS, Presiding Justice, for the Court:
This is an appeal from the circuit court of Lamar County and involves a wrongful death action brought by Jack Hasson, Hilda Hasson and Kevin Hasson against Lonnie Lee Hale for the death of Athlyn Hasson. On September 19, 1986, a jury returned a verdict for the Hassons and awarded $75,000 in actual damages. The Hassons now appeal and assign the following errors:
I. THE TRIAL COURT ERRED IN FAILING TO RULE THAT THE APPELLEE'S GUILTY PLEA TO D.U.I. HOMICIDE WAS NEGLIGENCE PER SE.
II. THE TRIAL COURT ERRED IN FAILING TO GRANT THE APPELLANTS' REQUEST FOR A PEREMPTORY INSTRUCTION.
III. THE TRIAL COURT ERRED IN REFUSING TO GRANT THE APPELLANTS' A NEW TRIAL ON THE ISSUE OF DAMAGES.
On August 10, 1985, Athlyn Hasson turned 29 years old. Around 6:15 p.m. on this day Athlyn, her brother Kevin, and her roommate Ola Pulley drove in Athlyn's 1977 Pontiac Firebird from Columbia, MS, to Hattiesburg, MS, to celebrate Athlyn's birthday. Athlyn drove with Kevin in the front passenger seat and Ola in the back passenger seat behind Kevin. Around 11:30 p.m., following dinner and a movie, the three proceeded back toward Columbia via Highway 42 West. However, about one and one-half miles to the west of the Lamar/Forrest County line Athlyn's car was struck by a 1982 Mack truck driven by Hale. Although Kevin and Ola escaped with only minor bruises and cuts, the collision killed Athlyn. At trial both Kevin and Ola testified that as their car came over a hill, they all, including Athlyn, noticed headlights traveling in their lane of traffic. Kevin told Athlyn to try to leave the highway; however, it was only a matter of seconds from the time the headlights became visible until the collision occurred, and, therefore, Athlyn was unable to get out of the way.
At trial Hale testified that it was Athlyn who drove into his lane of traffic and consequently he veered into her lane and slammed on his brakes in an attempt to avoid the collision, but, Athlyn moved back into her lane, thereby causing the collision. There was also evidence that Hale was intoxicated at the time of the accident, and he admitted to having pled guilty to the negligent killing of another while under the influence of intoxicating liquor, in violation of Miss. Code Ann. § 63-11-30(4) (Supp. 1988). It is unnecessary to relate the other evidence adduced at trial.
The circuit judge refused requested instructions to find for the plaintiffs, and also refused requested instructions that Hale's intoxication constituted negligence per se. The court, however, granted requested defense instructions embracing Hale's version of how the accident occurred. In addition to these instructions, the court granted a comparative negligence instruction to the defense authorizing a reduction in damages in event the jury found the decedent was negligent in any manner which proximately caused or contributed to the accident.

REFUSAL OF PEREMPTORY INSTRUCTION TO FIND FOR THE PLAINTIFFS
In view of Hale's testimony, there was no error for the circuit judge to refuse *1016 a peremptory instruction on liability. The credibility of Hale's testimony was for the jury, which they obviously rejected.

REFUSAL OF INSTRUCTION THAT HALE'S INTOXICATION CONSTITUTED NEGLIGENCE PER SE
Hale's intoxication was negligence per se, and we agree that the plaintiffs were entitled to an instruction that Hale was negligent as a matter of law due to intoxication. As to whether such negligence proximately caused the accident, a jury question remained. The error in refusing these instructions, however, was cured by the jury finding in favor of the plaintiffs. See, Glover v. Redditt, 255 So.2d 657 (Miss. 1971); New Orleans M. & C.R.R. Co. v. Cole, 101 Miss. 173, 57 So. 556 (1911); see generally, 5A C.J.S. Appeal & Error, § 1759, fn. 21 (1961).

INADEQUACY OF DAMAGES
As above noted, the circuit court granted defense instructions embracing Hale's defense, and instructing the jury that if they believed the decedent had driven her car over onto the wrong side of the highway and necessitating the action Hale took, then they should return a verdict for the defendant. The court also granted Hale a comparative negligence instruction stating abstractly that if the decedent was guilty of any negligence which proximately contributed to the accident, then the damages should be reduced proportionately.
The plaintiffs argue that the court erred in giving any of these defense instructions. In view of Hale's testimony he was entitled to instructions embracing his version of what caused the accident. The granting of the comparative negligence instruction is more problematic.
It is, of course, elementary that a jury may accept in whole or in part the testimony of any witnesses. Harmon v. State, 453 So.2d 710 (Miss. 1984); Bullock v. State, 447 So.2d 1284 (Miss. 1984); Taylor v. State, 426 So.2d 775 (Miss. 1983); Shannon v. State, 321 So.2d 1 (Miss. 1975).
And, we have held in motor vehicle accident cases where each side claimed the other's negligence solely caused the accident, that nevertheless the circuit judge committed no error in granting a contributory negligence instruction. See, Ferguson v. Denton, 239 Miss. 591, 124 So.2d 279 (1960); Gilliam v. Sykes, 216 Miss. 54, 61 So.2d 672 (1952); Morrell Packing Co. v. Branning, 155 Miss. 376, 124 So. 356 (1929). As we read the decisions in those cases, however, despite the contentions of each side, there was evidence adduced from which the jury could have found both the plaintiff and the defendant guilty of some contributory negligence.
In this case, however, the only act of negligence claimed by Hale was that the decedent drove her car onto his side of the highway, and he was trying to avoid the accident in pulling over onto the wrong side of the highway. He did not testify that he saw her at some distance driving down the wrong side of the highway. Nor did the plaintiffs' witnesses testify to any act of negligence on the part of Hale except driving the truck over onto the wrong side of the highway, while also testifying that the decedent never at any time drove her car onto the wrong side of the highway.
If the jury had believed Hale's testimony, they would have been bound to return a verdict for the defendant. They obviously rejected his contention, and found instead that Hale's negligence was the cause of the accident.
In ruling upon the plaintiff's motion for a new trial, the circuit judge stated:
This Court did review the transcribed testimony of the defendant because of a concern over whether a comparative negligence instruction was proper. If such an instruction were proper then the verdict must stand as there was nothing that would lead the Court to find that the jury was not an extremely capable and conscientious jury.
Upon review of the defendant's testimony, he did relate that he was certain her car was in his lane which caused him to take evasive action and once he took evasive action then the car caused the *1017 collision. The jury had before it the defendant's testimony, the testimony of the two other witnesses, and from that the jury might have determined that she was also negligent in driving in his lane just prior to the collision. If they believed that, the comparative negligence instruction was proper and the amount of the verdict could not be determined as improper.
We agree with the circuit judge's version of the testimony that each side claimed the other driver drove into the wrong lane. We cannot agree, however, that if the jury had found the decedent negligent in driving over onto the wrong side of the road that there was any contributory negligence on the part of Hale. If the jury had believed this, they would have been duty bound to find for Hale, and they obviously rejected his testimony.
The circuit judge erred, therefore, in considering that the jury had before it facts from which they could have found for the plaintiffs but reduced the damages because of contributory negligence on the part of the decedent. The motion for a new trial should have been considered on the basis that the jury found Hale's negligence was the sole cause of the accident.
We therefore reverse and remand for the circuit judge to consider the merits of a motion for a new trial on damages based upon the jury finding Hale's negligence was the sole cause of the accident.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON and ANDERSON, JJ., concur.
SULLIVAN, J., concurs as to part III only.
PITTMAN and SULLIVAN, JJ., specially concur with written opinion.
DAN M. LEE, P.J., dissents without written opinion.
BLASS, J., not participating.
PITTMAN, Justice, specially concurring:
I concur with the reversal of this case for a new trial and with the language of the majority. I would also reverse because of the trial court's refusal to grant instruction that Hale's intoxication constituted negligence per se.
To deny this instruction on the part of the plaintiff is to add to the burden of proof to be met by the plaintiff. Such a denial of proper instruction is to require of the plaintiff more than the law requires and gives to the defendant a protection to which he is not entitled. The jury has a need to know and the plaintiff has a right to instruct the jury of the negligence of the defendant that is found by law.
SULLIVAN, J., joins this opinion.