ISHEE, J.,
dissenting:
¶ 20. I respectfully dissent from the decision to affirm the Jasper County circuit court’s judgment against Dunnam. The majority finds that the trial court correctly instructed the jury to find that Dunnam was the sole proximate cause of the accident and injuries to Darrin and Hope. I disagree, finding that the trial court erred in instructing the jury to find for Hope. Accordingly, I would reverse the judgment and remand the case for findings consistent with this opinion.
¶ 21. Dunnam asserts that the trial court erroneously gave a peremptory instruction that precluded the jury from determining liability. Dunnam contends that a reasonable juror could have found Hope to be comparatively negligent. Hope and Darrin contend that the evidence presented at trial was undisputed and the trial court properly refused to allow the jury to consider apportionment of fault. I disagree.
¶ 22. “When reviewing requests for peremptory instructions, we consider the evidence in the light most favorable to the non-moving party, giving that party the benefit of all favorable inferences that may be reasonably drawn from the evidence.” Entergy Miss., Inc. v. Bolden, 854 So.2d 1051, 1055 (¶ 8) (Miss.2003) (citing Steele v. Inn of Vicksburg Inc., 697 So.2d 378, 376 *883 (Miss.1997)). Our rules and case law allow for questions to be removed from the jury’s consideration when there are no factual questions for the jury to resolve. M.R.C.P. 50(a) & cmt. See also Mayor & Bd. of Aldermen of Vicksburg v. Young, 616 So.2d 883, 886-87 (Miss.1992); Hasson v. Hale, 555 So.2d 1014, 1016 (Miss.1990); Bryant v. Alpha Entm’t Corp., 508 So.2d 1094, 1096-97 (Miss.1987). I believe a factual question concerning liability remained at the conclusion of trial.
¶ 28. Based on the doctrine of comparative negligence, the Mississippi supreme court has found:
[Njegligence is measured in terms of percentage, and any damages allowed shall be diminished in proportion to amount of negligence attributable to the person for whose injury, damaged or death recovery is sought. Where negligence by both parties is concurrent and contributes to [an] injury, recovery is not barred under such doctrine, but [the] plaintiffs damages are diminished proportionately^] even to the extent that negligence on the part of the plaintiff was ninety percent (90%) and on the part of the defendant was ten percent (10%), the plaintiff would be entitled to recover theoretically that ten percent. Therefore, a plaintiff, though himself negligent, may still recover from a defendant whose negligence contributed to his injuries. Comparative negligence thus diminishes but does not bar recovery.
Wansley v. Brent, 80 So.3d 125, 128 (¶ 12) (Miss.Ct.App.2011) (quoting Burton ex rel. Bradford v. Barnett, 615 So.2d 580, 582 (Miss.1993)). Under this doctrine, a reasonable juror could have diminished the fault of Dunnam in proportion to the amount of negligence attributable to Hope. Therefore, I believe that the trial court failed to adequately instruct the jury.
¶ 24. The relevant traffic law for the instant case is found in Mississippi Code Annotated section 63-3-805 (Rev.2013), which provides:
The driver of a vehicle shall stop as required by this chapter at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard. However, said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway.
The driver of a vehicle shall likewise stop in obedience to a stop sign as required by this chapter at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed.
¶25. It is evident that there was a question as to whether or not Hope’s proximity to the intersection constituted an immediate hazard to Dunnam. The record reflects that Dunnam made a complete stop at the intersection, looked both ways, and cautiously entered the intersection when she determined there was no approaching vehicle. Although she admitted that she was unfamiliar with the intersection and that the angled road obstructed her view from the right side, she entered the intersection with the necessary caution set forth in Mississippi Code Annotated section 63-3-805. However, she did not see Hope’s car until impact.
*884 ¶ 26. Hope admitted that she saw Dun-nam as she approached the stop sign and entered the intersection. However, it is not clear from the record whether Hope took any evasive action. Hope testified that the accident occurred so quickly that she was unable to avoid Dunnam. However, Darrin contended that Hope attempted to avoid the accident by turning the wheel. The record reflects that the front center of Hope’s vehicle hit the front passenger side of Dunnam’s vehicle. Therefore, a question remains as to whether or not Hope was acting with the necessary caution in yielding the right-of-way to vehicles proceeding through the intersection.
If a person is adhering to the statutory mandate of [s]ection 63-3-805 when operating a motor vehicle on the roads and highways of this state, that person is engaging in an exercise of common sense. Just because a person may be driving on a through highway with the lawful right-of-way to proceed through an intersection with another road where there are located stop signs, does not mean that person may approach and enter the intersection with impunity and without exercising caution.
Thompson ex rel. Thompson v. Lee Cnty. Seh. Dist., 925 So.2d 57, 71 (¶ 21) (Miss. 2006).
¶ 27. As stated previously, a factual question as to the negligence of both Dun-nam and Hope remained and should have been resolved by the jury. Therefore, I believe the peremptory instructions to the jury were improper. I would reverse the circuit court’s judgment and remand this case for a new trial consistent with the findings of this opinion.
LEE, C.J., BARNES AND JAMES, JOIN THIS OPINION.