## FERGUSON *v.* DENTON, et al.

No. 41548          November 14, 1960          124 So. 2d 279

*Smith, O'Hara & Smith,* Cleveland, for appellant.

*Charles C. Jacobs, Jr.,* Cleveland, for appellees.

Arrington, J.

The appellant, Ray Ferguson, brought this suit in the Chancery Court of the Second Judicial District of Bolivar County against C. E. Denton and others, a partnership doing business as Denton Manufacturing Company, to recover damages for personal injuries, medical

and hospital bills, and for loss of income due to his injuries. The jury returned a verdict for $1,000, and from this judgment the appellant appeals.

This suit is the result of a collision between an automobile driven by appellant and a truck owned by appellees and being driven by one James L. Kemp. The accident occurred on September 8, 1958, about 11 o'clock A.M., on a clear day in the Town of Boyle, at or near a point where State Highway No. 446 intersects Sobriesky Street. The appellant was traveling east in the automobile. The truck had been parked near the curb northeast of Highway 446. He had backed up and was making a right turn to proceed south across the highway when the collision occurred. The truck was 25 feet long, 8 feet wide, and 9 feet high, and was a refrigerated ice cream truck, painted white. According to the testimony of Kemp, his directional or blinker light indicating a right turn was on.

The declaration charged that the collision was due to the gross negligence of Kemp in pulling the truck into the highway. The answer of the appellee alleged that the sole cause of the collision was due to the negligence of Ferguson, who failed to keep a proper lookout and failed to have his automobile under proper control.

Ferguson appeals as to damages, and contends that the damages awarded appellant were against the overwhelming weight of the evidence and so inadequate as to manifest bias and prejudice on the part of the jury. He also assigns as error and argues that it was reversible error for the trial court to give the appellee an instruction on contributory negligence under our comparative negligence statute, Section 1454, Mississippi Code of 1942, for the reason that the appellant Ferguson was not guilty of negligence. With this statement we do not agree. This instruction was justified under the pleadings and the evidence. Under the appellant's own testimony, he was guilty of negligence in not keeping

a proper lookout and in not having his car under proper control. The evidence shows that when he entered Highway 446 west of Sobriesky Street, he had a clear view of the highway as he was traveling east. His testimony was that he did not see the truck move and did not see it until it was within a few feet of him when it struck his automobile in the left side. According to the testimony of Kemp, the driver of the truck, he had not reached the center line of the highway, and he did not hit the automobile, but the automobile hit his front fender and bumper. A plat and a large number of photographs were introduced in evidence. Thus it is seen that the appellant, the driver of the automobile, and Kemp, the driver of the truck, each testified that the wreck was caused solely by the negligence of the other. The testimony as to the negligence of the respective parties, the drivers of the vehicles, was sharply conflicting. We are of the opinion that this was a typical case for the determination of the jury, particularly in view of Section 1455, Volume 2 Recompiled, Mississippi Code of 1942, which provides as follows: "All questions of negligence and contributory negligence shall be for the jury to determine."

The appellant testified that he suffered serious personal injuries as a result of the accident and that he incurred medical and hospital bills in the amount of $1032. Without detailing the various injuries he complained of, his physician, Dr. O. E. Ringold, testified, and his statement in general was this: ". . . . that he has no permanent injury and he is slowly progressing. It may take some months, it may take a year, before he is completely recovered;" that he was suffering from a tissue bruise —a tissue hurt.

The Court, in the case of Morrell Packing Company, et al. v. Branning, 155 Miss. 376, 124 So. 536, with reference to an instruction based on our comparative negligence statute, said:

"The fact that the driver of each of the automobiles involved in the collision testified that it was caused solely by the negligence of the other does not render an instruction based on our Comparative Negligence Statute (Hemingway's Code 1927, Section 516) inapplicable or erroneous. The jury was not required to accept, in its entirety, the theory of either party, and it was its duty to consider all the testimony of the witnesses in the light of the physical facts and the circumstances shown, and to determine therefrom the negligence, if any, of the respective parties."

We are of the opinion that the jury was warranted in finding under the evidence in this case that a large part of the negligence contributing to appellant's loss and injury was his own negligence, and that the jury was warranted in diminishing the damages accordingly.

Affirmed.

*McGehee, C.J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.