# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01335-COA

DAVID MCLAUGHLIN                                                                 APPELLANT

v.

NORTH DREW FREIGHT, INC.                                                        APPELLEE

DATE OF JUDGMENT:               02/02/2016
TRIAL JUDGE:                    HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED:      SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         REBECCA HILLIARD HUTCHINS
ATTORNEY FOR APPELLEE:          JAMIE D. TRAVIS
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                    AFFIRMED: 06/12/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., FAIR AND WESTBROOKS, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     David McLaughlin was making a left turn when he was struck by an 18-wheeler attempting to pass him from behind.  McLaughlin claimed that he suffered damages from the accident in the amount of $591,000, including medical expenses, lost wages, and pain and suffering.  After trial, the jury found McLaughlin comparatively negligent and returned a verdict of $1,400, solely for his medical expenses incurred on the day of the accident.  McLaughlin appealed, raising issues about his liability and the amount of damages awarded.  Finding no error, we affirm the trial court's judgment.

## FACTS

¶2.     In September 2010, McLaughlin was driving Darrel Romero home.  Leroy

Washington,[1] the driver of an 18-wheel North Drew Freight truck, attempted to pass McLaughlin on a two-lane highway in rural northwest Mississippi. When questioned by police, Washington stated that McLaughlin slowed and sped back up several times before abruptly turning left in front of him, failing to give a left turn signal. The 18-wheeler struck the side of McLaughlin's car and pushed the car approximately 150 feet into a shallow ditch on the west side of the highway.

¶3. After the accident, both law enforcement and emergency medical technicians (EMT) arrived at the scene. State Trooper Jason Sheffield saw beer in the car and smelled alcohol on McLaughlin's breath. He asked McLaughlin whether he had been drinking. McLaughlin said no. Trooper Sheffield then performed three separate roadside breathalyzer tests which showed that McLaughlin was below .02 each time. He also performed a field sobriety test.[2]

¶4. EMT Charles Carouthers also claimed he smelled alcohol and observed beer in McLaughlin's car. When he asked McLaughlin whether he had been drinking, McLaughlin said he "took a sip" of a friend's beer before driving. Carouthers also asked McLaughlin if he would like to ride in the ambulance to the hospital. McLaughlin initially declined but later changed his mind and agreed to be transported to the emergency room.

¶5. At the time of the accident, McLaughlin worked as a pipe-welding inspector on a contract basis for a commercial construction company. He was no longer employed at the

---

[1] Before trial, Washington died of heart failure unrelated to the accident.

[2] Defense counsel did not question Trooper Sheffield further on the results of the field sobriety test, but, based on the record, we infer that McLaughlin passed.

2

time of trial. McLaughlin testified that he had been expecting to sign a new contract for a job in South Carolina starting the next week. He offered evidence that he earned $43,816 in 2009 and $42,816 in 2010. McLaughlin claimed damages for lost wages in the amount of $60,000, including lost fringe benefits, medical insurance, and a payment of $70 a day.

¶6. After the accident, McLaughlin was treated by several physicians. McLaughlin provided deposition testimony from one in particular – Dr. Dinesh Goel, a family practitioner and general surgeon. Dr. Goel testified that McLaughlin suffered injury to the neck, back, and shoulder as a result of the accident and would possibly require treatment for the rest of his life. He also testified that McLaughlin suffered a permanent 5% reduction in physical capacity as a result of the injuries. McLaughlin offered into evidence all of his medical bills, totaling $23,306.20.

¶7. Ultimately, the jury found that each party was 50% negligent, and it found McLaughlin had suffered $1,400 in damages (the medical expenses incurred on the day of the accident) and rendered a verdict in his favor in that amount. McLaughlin moved for a judgment notwithstanding the verdict (JNOV), which the court denied. McLaughlin now appeals asserting that the jury's award was against the overwhelming weight of the evidence and that the jury instructions were unclear.

**STANDARD OF REVIEW**

¶8. A circuit court's refusal to grant a new trial is reviewed for abuse of discretion. *Bobby Kitchens Inc. v. Miss. Ins. Guar. Ass'n*, 560 So. 2d 129, 132 (Miss. 1989). In determining

whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict. *Motorola Commc'ns & Elecs. Inc. v. Wilkerson*, 555 So. 2d 713, 723 (Miss. 1989).

## DISCUSSION

### 1.     Liability—Negligence Per Se

¶9.     McLaughlin argues that the circuit court abused its discretion by refusing a peremptory instruction in his favor, asserting negligence per se.  Negligence per se renders a defendant liable without proof of reasonable care when the plaintiff proves the defendant violated an applicable statute. *Palmer v. Anderson Infirmary Benevolent Ass'n*, 656 So. 2d 790, 796 (Miss. 1995).

¶10.     McLaughlin contends that Washington violated Mississippi Code Annotated section 63-3-611(2)(c) (Rev. 2013), which states that "no vehicle shall, in overtaking and passing another vehicle or at any other time, be driven on the left side of the roadway under the following conditions: . . . (c) [w]hen approaching within [100] feet of or traversing any marked or readily distinguishable intersection or railroad grade crossing."  An intersection is defined as "the conjunction of two highways, and is the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic." *Stewart v. Davis*, 571 So. 2d 926, 928-29 (Miss. 1990) (citation and internal quotation marks omitted).

¶11.     Conflicting evidence was presented to the jury as to whether the junction of Highway

49W and Patridge Road was classified as a "marked or readily distinguishable intersection" under the applicable statute. McLaughlin submitted photographs which he believed portrayed the road as a statutorily defined intersection. Trooper Sheffield testified, however, that it was lawful to pass on this stretch of the highway and that, had it been illegal to pass on this section of the highway, he would have given Washington a citation.

¶12. The instruction given to the jury on negligence per se instructed the jury that the two roads made an intersection. The question of whether the intersection was marked or readily distinguishable (which would trigger application of Mississippi Code Annotated section 63-3-611(2)(c)) was left for the jury to determine. Therefore, we hold that the trial court was not in error when it refused to give the peremptory instruction on negligence per se.

## 2. Liability—Comparative Negligence

¶13. Next, McLaughlin contends that the trial court erred when it instructed the jury on comparative negligence. McLaughlin relies heavily on *Ferguson v. Denton*, 239 Miss. 591, 124 So. 2d 279 (1960), to support his argument. There, the decision of the trial court to give a comparative negligence instruction was affirmed and justified because both sides claimed the other was entirely negligent. McLaughlin contends that, because North Drew never claimed the accident was due to the sole negligence of McLaughlin, the comparative negligence instruction was in error.

¶14. In *Ferguson*, the Mississippi Supreme Court held that "the jury was not required to accept, in its entirety, the theory of either party, and it was its duty to consider all the

testimony of the witnesses in the light of the physical facts and the circumstances shown, and to determine therefrom the negligence, if any, of the respective parties." *Ferguson*, 239 Miss. at 597, 124 So. 2d at 280. Ultimately, it is the jury's responsibility to assess percentages of fault between two parties.

¶15. Our supreme court has also stated that "the standard of care in actions based upon negligence is ordinarily measured in terms of the proverbial question: What would a reasonably prudent person have done under the same or similar circumstances." *Knapp v. Stanford*, 392 So. 2d 196, 199 (Miss. 1980). In its holding, the court stated that the disposal of negligence cases would best be administered by applying "uniform principles of negligence under all circumstances." *Id*. The test administered asks whether an actor being charged with negligence acted as a reasonable and prudent person would have under the same or similar circumstances. *Id*.

¶16. After reviewing the record, we find that McLaughlin's actions could be viewed as negligent. Washington told Sheffield that McLaughlin gave no signal when making his left turn directly into the path of the North Drew truck. Accordingly, we find that the trial judge did not abuse his discretion by instructing the jury on comparative negligence.

### 3. Liability—Motion in Limine

¶17. In his final argument on liability, McLaughlin argues that the trial court erred in denying his motion in limine to exclude any testimony by EMT Charles Carouthers regarding McLaughlin's use of alcohol. He also claims that the testimony resulted in extreme

6

prejudice.

¶18.    In order to grant a party's motion in limine, the court must find that: "(1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and (2) the mere offer, reference, or statements made during trial concerning the material will tend to prejudice the jury." *Whittley v. City of Meridian*, 530 So. 2d 1341, 1344 (Miss. 1988). We will reverse a court's denial of a motion in limine only if the court abused its discretion in denying the motion. *McDowell v. State*, 807 So. 2d 413, 421 (¶13) (Miss. 2001).

¶19.    The challenged testimony in this case is strikingly similar to the testimony in *Abrams v. Marlin Firearms Company*, 838 So. 2d 975 (Miss. 2003). There, the trial court allowed two witnesses to testify to the presence of alcohol on Abrams's breath and empty and full beer bottles inside Abrams's pick-up truck. *Id*. at 979 (¶13). Abrams claimed the court erred since the alcohol had nothing to do with the accident and there was no proof that he was actually intoxicated. *Id*.

¶20.    Our supreme court affirmed based in part that there was proof of alcohol use, that is, proof of the smell of alcohol on Abrams's breath while the paramedic was administering aid. *Id*. at 980 (¶17). The court explained that "evidence of possible alcohol consumption just prior to the accident was highly relevant and probative as to Abrams'[s] credibility, his recollection of the accident since there were no other witnesses, and his contributory negligence." *Id*. at (¶18).

¶21.    Applying the supreme court's reasoning in *Abrams*, we find the judge acted within his

7

discretion in denying McLaughlin's motion in limine.

### 4. Damages—Jury Award

¶22. McLaughlin raises several issues with the amount of damages that were awarded by the jury. McLaughlin requested $591,000 for past lost wages, past and future medical expenses, and pain and suffering. The jury awarded $0 for lost wages, $1,400 in medical expenses, and $0 for pain and suffering. As a whole, McLaughlin also argues that his award for $1,400 in medical expenses as well as $0 for lost wages along with pain and suffering were against the overwhelming weight of the evidence and showed bias on behalf of the jury.

¶23. "It is primarily the province of the jury to determine the amount of the damages to be awarded, and the award will normally not be set aside unless so unreasonable in amount as to strike mankind at first blush as being beyond all measure, unreasonable in amount and outrageous." *Burge v. Spiers*, 856 So. 2d 577, 580 (¶9) (Miss. Ct. App. 2003) (internal quotation marks omitted). When the reasonableness and amount of damages are disputed, "this court will defer to the jury, which determines the weight and worth of testimony and the credibility of the witness at trial." *Stubblefield v. Walker*, 566 So. 2d 709, 712 (Miss. 1990).

¶24. Here, the amount of the damages was highly contested at trial. McLaughlin claimed that he incurred over $40,000 in medical expenses caused by the accident. Our supreme court has noted that when a party "takes the witness stand and exhibits bills . . . and testifies that said bills were incurred as a result of the injury, they become prima facie evidence that

8

the bills so paid or incurred were reasonable and necessary." *Jackson v. Brumfield*, 458 So. 2d 736, 737 (Miss. 1984). However, "opposing counsel may rebut the necessity and reasonableness" of those bills by proper evidence. *Id*. at 738.

¶25. North Drew rebutted McLaughlin's medical expenses by offering evidence from its expert witness, Dr. David Collip. According to Dr. Collip's testimony, it was only "reasonable" and "necessary" to conclude that McLaughlin incurred medical expenses from the day of the accident, totaling $1,358.72 ($353.72 emergency room visit plus a $706 ambulance ride). At trial, Dr. Collip testified that the injuries McLaughlin sustained would resolve without the need for additional medical treatment and that any medical attention sought after the day of the accident would be unnecessary.

¶26. After hearing testimony from both sides, the jury deliberated and awarded McLaughlin $1,400 in damages for his medical expenses. According to the Mississippi Supreme Court, it is the jury's job, based on the evidence, to determine what award is appropriate in a given case. *S. Cent. Bell Tel. Co. v. Parker*, 491 So. 2d 212, 217 (Miss. 1986). If the elements of damages were not proven by a preponderance of the evidence, "then it [is] for the jury to deny damages for such alleged losses." *Id*. at 216. Viewing the conflicting evidence presented, we find that the verdict does not appear to be against the overwhelming weight of the evidence nor does it present any bias, passion, or prejudice on behalf of the jury.

  **5. Damages—Facebook Video**

¶27. McLaughlin next contends that the admission of a Facebook video, which shows him doing jumping jacks for his daughter, was irrelevant and damaged his credibility with the jury. He also argues that since the video was admitted into evidence, the jury was biased by its contents, resulting in an award well below his request. North Drew claims that the purpose of the video was to impeach McLaughlin as to his injuries.

¶28. When reviewing a trial court's admission or exclusion of evidence the court will apply an abuse-of-discretion standard. *Floyd v. City of Crystal Springs*, 749 So. 2d 110, 113 (¶12) (Miss. 1999). But if an evidentiary error occurs, an appellate court will not reverse unless the error "adversely affects a substantial right of a party." *Terrain Enterprises Inc. v. Mockbee*, 654 So. 2d 1122, 1131 (Miss. 1995).

¶29. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Lewis v. State*, 905 So. 2d 729, 734 (¶15) (Miss. Ct. App. 2004). The video showed McLaughlin being physically active contrary to his testimony describing his alleged injuries. This certainly had the tendency to make the existence of this claim more probable or less probable than it would be absent the video. A reasonable juror could conclude that the Facebook video casts doubt on the severity of McLaughlin's injuries. And given the contents and timing of the video, a reasonable juror could conclude that the video has a tendency to show that McLaughlin may not have been as injured or vulnerable as his testimony, his medical records, and Dr. Goel suggested.

¶30.     We find no abuse of discretion in the court's decision to allow admission of the Facebook video.

**6.     JNOV**

¶31.     Finally, McLaughlin challenged the court's denial of his motion for JNOV.  A new trial may be granted "when the verdict is against the overwhelming weight of the evidence, or when the jury has been confused by faulty jury instructions, or when the jury has departed from its oath and its verdict is a result of bias, passion, and prejudice." *Bobby Kitchens Inc.*, 560 So. 2d at 132.

¶32.     "Generally, the only evidence of corruption, passion, prejudice, or bias on the part of the jury is an inference, if any, to be drawn from contrasting the amount of the verdict with the amount of damages." *Green v. Grant*, 641 So. 2d 1203, 1209 (Miss. 1994).  A jury's award will not be set aside unless it is disproportionate to the injury sustained. *Ill. Cent. R.R. v. Gandy*, 750 So. 2d 527, 534 (¶26) (Miss. 1999).  Further, "the jury is the sole judge of the weight of the evidence and the credibility of the witnesses." *Jackson v. Griffin*, 390 So. 2d 287, 289 (Miss. 1980).

¶33.     Here, the jury heard testimony from the witnesses and judged their credibility, further considering the weight of all of the evidence presented. As a result, the jury determined that McLaughlin was comparatively negligent and awarded him $1,400 for the medical expenses he incurred on the day of the accident.  The jury was within its discretion to do so.  Accordingly, the jury verdict should stand.

11

¶34.   **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. LEE, C.J., NOT PARTICIPATING.**