# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00368-COA

STEVEN VINCENT ANDERSON A/K/A STEVEN V.  ANDERSON A/K/A STEVEN ANDERSON                               APPELLANT

v.

STATE OF MISSISSIPPI                                                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/19/2016 |
| TRIAL JUDGE: | HON. DAL WILLIAMSON |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: BENJAMIN A. SUBER GEORGE T. HOLMES MOLLIE M. McMILLAN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KATY TAYLOR GERBER |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/30/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Steven Anderson challenges his convictions for driving under the influence (DUI) and possession of methamphetamine. The Jones County Circuit Court sentenced him as a habitual offender to serve eight years in the custody of the Mississippi Department of Corrections, without eligibility for parole or probation, ordering the sentence to run consecutively to a prior sentence. The court also ordered him to pay a $25,000 fine and serve forty-eight hours in the custody of the Jones County Adult Detention Center. Anderson moved for a judgment

notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The court denied his motion, and Anderson appeals.

¶2.     He alleges that: (1) his eight-year sentence is disproportionate to the crime of methamphetamine possession; and (2) the verdicts were against the overwhelming weight of the evidence. We affirm the circuit court's judgment.

## FACTS AND PROCEEDINGS BELOW

¶3.     Two vehicles collided on a country road near several homes. In one was the lifeless body of eighteen-year-old Isaac Holloway. From the other emerged Steven Anderson. Neighbors rushed to the wreck and watched as Anderson threw unknown objects into the woods, searched in his car, and mumbled about looking for his phone charger and insurance papers.

¶4.     One neighbor—who was a paramedic—seeking to render aid, approached Anderson as he was rambling around in his vehicle. She asked him to step out of the vehicle. He refused, but the paramedic's further insistence caused Anderson to become irate. He elbowed the paramedic in the jaw. Afterward, she forced him to the ground for her own safety.

¶5.     An ambulance took Anderson to the hospital. There, a physician tested his blood after believing that Anderson was intoxicated because of his demeanor and actions. The blood tested positive for methamphetamine. At the hospital, police questioned Anderson, and noted that his pupils were dilated and his mouth was foaming.

¶6.     At the wreck-site, the police used a police-dog to search the woods for the objects thrown away from his vehicle. A sunglasses case that contained several clear empty bags, a

2

bag that contained a substance that looked like methamphetamine, and a digital scale were found within thirty yards of the roadway. Also located in that area was an unopened can of iced tea with a hidden compartment. All the recovered items were sent to a forensic laboratory.

¶7.     Forensic scientists located a fingerprint on the digital scale and tested the substance in the bag. The print matched Anderson's right thumbprint, and the substance was confirmed as 5.371 grams of methamphetamine.

¶8.     Anderson was indicted and pleaded not guilty to Count I aggravated DUI, and Count II possession of methamphetamine with intent to distribute. At trial, the jury found him not guilty as to Counts I and II as charged. But the jury did find him guilty of the lesser-included offenses of DUI and possession of methamphetamine. The Jones County Circuit Court sentenced him as a habitual offender to serve eight years in the custody of the Mississippi Department of Corrections with the sentence to run consecutively to a prior sentence; to pay a $25,000 fine; and to serve forty-eight hours in the custody of the Jones County Adult Detention Center.

¶9.     Anderson moved for a JNOV or, in the alternative, a new trial. The court denied his motion, and he now appeals. Anderson challenges his eight-year sentence as disproportionate and both verdicts as being against the overwhelming weight of the evidence. He does not challenge the appropriateness of the convictions of lesser-included offenses.

**DISCUSSION**

    **I.**    **Is the eight-year sentence disproportionate to the crime of methamphetamine possession?**

¶10. Anderson contends that the eight-year sentence is unduly harsh and constitutes cruel and unusual punishment. But, "[i]n order for an error related to improper sentencing to be preserved for appeal, there must be an objection made at trial." *Hobgood v. State*, 926 So. 2d 847, 857 (¶34) (Miss. 2006). Anderson did not object at trial; therefore, he is procedurally barred from making this claim.

¶11. Notwithstanding the procedural bar, this argument is without merit. Anderson's conviction for methamphetamine possession fell under section 41-29-139(c)(1)(C) (Rev. 2013) of the Mississippi Code, which imposes "imprisonment for not more than eight (8) years . . . ." Anderson's sentence is within those statutory limits. "[A] sentence that does not exceed the maximum term allowed by statute will not be disturbed on appeal." *Wilson v. State*, 106 So. 3d 853, 858 (¶23) (Miss. Ct. App. 2013).

¶12. "However, where a sentence is 'grossly disproportionate' to the crime committed, the sentence is subject to attack on the grounds that it violates the Eighth Amendment prohibition of cruel and unusual punishment." *Portis v. State*, 245 So. 3d 457, 474 (¶44) (Miss. 2018) (quoting *Tate v. State*, 912 So. 2d 919, 933 (Miss. 2005)). And while Anderson asserts that this Court must apply *Solem*'s disproportionality review,[1] *Solem* applies "only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality.'" *Parisi v. State*, 119 So. 3d 1061, 1067 (¶21) (Miss. Ct. App. 2012) (quoting *Nichols v. State*, 826 So.2d 1288, 1290 (¶12) (Miss. 2002)). Furthermore, in prior cases, this Court found no inference when the sentence fell within the statutory limits.

---

[1] *Solem v. Helm*, 463 U.S. 277 (1983).

4

*E.g.*, *Chester v. State*, 201 So. 3d 506, 509 (¶10) (Miss. Ct. App. 2016), *cert. denied*, 203 So. 3d 1132 (Miss. 2016). Because Anderson's sentence is within those limits, it is not grossly disproportionate. This argument is without merit.

> **II.     Were the verdicts against the overwhelming weight of the evidence?**

¶13.    Anderson argues that the verdicts were against the overwhelming weight of the evidence and that the circuit court erred in denying his motion for a new trial.

¶14.    We use an abuse-of-discretion standard when reviewing a circuit court's refusal to grant a new trial. *McLaughlin v. N. Drew Freight Inc.*, 249 So. 3d 1081, 1083 (¶8) (Miss. Ct. App. 2018). "In determining whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict." *Id.* (citing *Motorola Commc'ns & Elecs. Inc. v. Wilkerson*, 555 So. 2d 713, 723 (Miss. 1989)). Furthermore, we "disturb the verdict only when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Little v. State*, 233 So. 3d 288, 289 (¶1) (Miss. 2017).

¶15.    Anderson asserts that his verdicts are against the overwhelming weight of the evidence because "there was very little evidence to support the verdict of DUI and simple possession." To bolster this argument, he alleges that the accident scene was not adequately secured, other evidence was not collected, and there was plenty of time for the scale with his thumbprint to have been planted by some ill-wishing "former associate." But, several police officers independently testified that the scene was secure and that, while walking the area later that evening, no additional evidence on the roadway could be found. Furthermore,

several witnesses, including the on-scene paramedic, hospital physician, and the police officers testified that Anderson acted and appeared intoxicated. Anderson's blood tested positive for methamphetamine. Several witnesses testified that Anderson had thrown objects into the woods, where a scale with his thumbprint along with a bag containing a substance later tested and shown to be methamphetamine were found within throwing distance of the wreck.

¶16.    The jury heard all this testimony and judged each witness's credibility. And the jury—within its discretion—determined that Anderson was guilty of DUI and possession of methamphetamine. Viewed in the light most favorable to the verdicts, we cannot find that they were contrary to the overwhelming weight of the evidence or that allowing them to stand would sanction an unconscionable justice. This issue is without merit.

## CONCLUSION

¶17.    Therefore, we find that Anderson is procedurally barred from asserting that his eight-year sentence is disproportionate to the crime of methamphetamine possession, that this argument also lacks merit, and that the verdicts were not against the overwhelming weight of the evidence.

¶18.    **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**